No. 13231

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

DANNIE ENGLUND,

Plaintiff and Respondent,

-vs-

CLINTON E. ENGLUND,

Defendant and Appellant.

Appeal from: District Court of the First Judicial District,
Honorable Gordon R. Bennett, Judge presiding.

Counsel of Record:

For Appellant:

Smith and Harper, Helena, Montana
Charles A. Smith, III argued, Helena, Montana

For Respondent:

Thomas A. Dowling argued, County Attorney, Helena,
Montana

Submitted: March 1, 1976

Decided: MAR 29 1976

Filed: MAR 29 1976

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the district court, Lewis and Clark County. The action was instituted as a motion to vacate a portion of a judgment made and entered in a divorce proceeding some five years ago. The district court denied the motion and this appeal followed.

After some thirty years of marriage the wife instituted proceedings for separate maintenance in 1969. The husband counterclaimed asking for a divorce. Following a hearing the district court granted the husband a divorce. The decree ordered a property division consisting of four installment lump sum payments of $2,500 each, over a two year period, by the husband to the wife, with corresponding real property conveyances from the wife to the husband. In addition, the court ordered the husband to pay $400 per month alimony. Immediately following the decree the wife filed a motion for a new trial alleging irregularities in the proceedings by the court, in that it did not rule on material facts pertaining to the assets of the parties. Hearing was had on the motion but the court took no action. No appeal was taken from the decree.

Thereafter the husband sought enforcement of that portion of the decree directing the signing over of certain property to him and the district court found the wife in contempt and ordered her to execute certain deeds and documents to the husband. She complied and the husband made the $400 monthly payments until 1975 when he moved to set aside the alimony award payments on the grounds they were void because the divorce was granted to him. The district court found the alimony award was void, but held the husband was estopped from denying its validity after relying upon the decree to compel the wife to transfer certain property to him. The husband appeals and raises these issues:

- 2 -

1. The district court was without jurisdiction, power or authority to award alimony to the wife because the divorce was not granted to the wife for an offense of the husband.

2. Section 21-139, R.C.M. 1947, the section governing the award of alimony only to the wife in divorce actions is unconstitutional under Article II, Sections 4 and 17, 1972 Montana Constitution; Article III, Section 27 of the 1889 Montana Constitution; and the Fifth and Fourteenth Amendments of the United States Constitution.

The trial judge in this case had difficulty in trying to under stand what had moved the trial judge in the original divorce action in terming the award to the wife as alimony. In a memorandum and order he noted:

> "There is no question that the provision of the decree (denominated 'Findings of Fact, Conclusions of Law and Judgment' and filed May 14, 1970) providing for alimony payments by the defendant, who was granted the divorce, was void ab initio, as such. It should be noted, however, that the court's order itself suggests that the payments required were not alimony, as described, but payments to be made as a part of a property settlement, not agreed upon between the parties. The first order of the court provides for four payments of $2,500.00 each 'as a partial property settlement.' No reference is made to any other part of the 'property settlement', which suggests, inferentially, that the other part may be the payments that were denominated 'alimony.' However, the third part of the order deepens the mystery by providing for modification of the 'alimony' upon proper showing. If the 'alimony' were to be deemed a part of the 'property settlement' then modification would not be appropriate. We are, then, at a loss to determine just exactly what was intended by the court in regard to the payments the defendant now wishes to set aside.

> "Nor do I have any doubt that the payments made to date in compliance with the 'alimony' order do not and cannot constitute ratification of that order, if the order itself is void. It is well settled that a void order cannot be made effective by compliance."

However, the trial court goes on to hold that due to the fact appellant had successfully taken affirmative action to enforce

the decree, he was estopped from challenging its validity. We agree.

We do not agree that the order was void.

The court was in jurisdiction at the time it made its decree and what obviously was intended to be a part of the "property settlement" became mistakenly labeled "alimony". Here the wife who had worked for most of the marital years in the business office of appellant's plumbing business, helped in the accumulation of considerable property. She signed over those interests at a time after she incurred a serious physical nerve disease and could no longer be a productive part of the labor market. Her medical and drug expenses had become far more costly than those of a person of her age. We find the $400 payments to be a part of the "property settlement" and not "alimony" as referred to by the district court.

Appellant's second issue relates to the constitutionality of section 21-139, R.C.M. 1947. Having decided the alimony argument, it is unnecessary to discuss the constitutional issue, but we note the question was not raised in the district court and could not on appeal be argued before this Court. It is fundamental that on appeal this Court will consider for review only those issues raised before the trial court. Spencer v. Robertson, 151 Mont. 507, 445 P.2d 48; State Highway Commission v. Milanovich, 142 Mont. 410, 384 P.2d 752; Clark v. Worrall, 146 Mont. 374, 406 P.2d 822.

The judgment is affirmed.

_____
                                    Justice

We concur:

_____

_____

_____
Justices

_____
Hon. Robert Boyd, district judge,
sitting in place of Mr. Chief Justice