No. 14787

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

DANNIE ENGLUND,

Plaintiff and Respondent,

-vs-

CLINTON E. ENGLUND,

Defendant and Appellant.

Appeal from:  District Court of the First Judicial District,
              Honorable LeRoy L. McKinnon, Judge presiding.

Counsel of Record:

    For Appellant:

        Smith and Harper, Helena, Montana
        Charles A. Smith, III argued, Helena, Montana

    For Respondent:

        Dowling Law Firm, Helena, Montana
        Thomas Dowling argued, Helena, Montana

Submitted:  September 24, 1979

Decided: DEC 14 1979

Filed: DEC 14 1979

Thomas J. Kearney
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Clinton E. Englund appeals from an order dismissing his petition to terminate property settlement payments. The order was entered by the District Court, First Judicial District, Lewis and Clark County, upon a motion to dismiss by Dannie Englund.

Clinton and Dannie were formerly husband and wife. Their marriage was dissolved in May 1970 after some thirty years of marriage. The marriage dissolution decree ordered Clinton to make four lump sum payments of $2,500 each to Dannie as part of the property settlement arrangement. In returning, Dannie was to convey to Clinton any interest Dannie held in jointly owned realty acquired during the marriage. In addition, Clinton was to pay $400 per month to Dannie, indefinitely.

Thereafter, Clinton sought enforcement of that portion of the marriage dissolution decree which ordered Dannie to convey her interest in jointly-owned realty acquired during the marriage. In March 1971, the District Court found Dannie in contempt of court and ordered her to execute the appropriate deeds and documents to Clinton. Dannie complied with the order.

Clinton continued the $400 monthly payments until 1975 when he moved to set aside the payments. Clinton asserted the payments constituted void alimony payments because the divorce was granted to Clinton. The District Court denied Clinton's motion. Upon appeal, we found the $400 payments to be a part of the property settlement arrangement and not alimony as referred to by the District Court. Further, we affirmed the District Court judgment that Clinton was estopped from challenging

the monthly payments having successfully taken affirmative action to enforce the property settlement arrangement. Englund v. Englund (1976), 169 Mont. 418, 547 P.2d 841.

On February 2, 1979, Clinton filed this petition to terminate the $400 monthly payments on the sole ground Clinton had already paid more than the value of Dannie's interest in the jointly-held marital property. Dannie's motion to dismiss the petition was granted. Specifically, the District Court concluded Clinton would not be permitted to challenge the $400 monthly payments having availed himself of the benefits of the property settlement arrangement.

The sole issue upon this appeal is whether the District Court erred in granting Dannie's motion to dismiss. We find there was no error.

In Fiscus v. Beartooth Elec. Cooperative, Inc. (1979), ____ Mont. ____, 591 P.2d 196, 197, 36 St.Rep. 333, 335-336, we said:

> "'The rule is well established and long adhered to in this state that where, upon an appeal, the Supreme Court, in deciding a case presented states in its opinion a principle or rule of law necessary to the decision, such pronouncement becomes the law of the case, and must be adhered to throughout its subsequent progress, both in the trial court and upon subsequent appeal;. . .' Carlson v. Northern Pac. R. Co., 86 Mont. 78, 281 P. 913, 914."

Englund v. Englund, supra, is the "law of the case" upon this appeal. In Englund, we held, in part, that Clinton was estopped from challenging the $400 monthly payments having successfully availed himself of the benefits of the property settlement provisions of the marriage dissolution decree.

The order of the District Court is affirmed.

_____
Justice

-3-

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

-4-