No. 14674

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

PATRICIA H. BERTAGNOLLI,

Plaintiff and Appellant,

vs.

EDWARD E. BERTAGNOLLI,

Defendant and Respondent.

---

Appeal from: District Court of the Eighteenth Judicial District,
Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

For Appellant:

Drysdale, McLean and Screnar, Bozeman, Montana

For Respondent:

Berg, Morgan, Coil & Stokes, Bozeman, Montana

---

Submitted on briefs: September 12, 1979

Decided: DEC 19 1979

Filed: DEC 19 1979

*Thomas J. Kearney*
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Appellant, formerly Patricia H. Bertagnolli, began this action in 1974 by filing a complaint for divorce in the Eighteenth Judicial District before the Honorable W. W. Lessley. The complaint requested the court to dissolve her marriage to the respondent, Dr. Edward E. Bertagnolli, to equitably divide the property of the parties, and to award her support and maintenance payments and attorney fees.

At the time the complaint was filed, Dr. and Mrs. Bertagnolli had been married for 27 years. During the marriage, Dr. Bertagnolli practiced medicine in Three Forks, Montana, and Mrs. Bertagnolli cared for the couple's home and raised the seven children born to the marriage. The couple accumulated real estate and personal property valued at $220,000 at the time of their divorce. In the years immediately prior to the divorce, Dr. Bertagnolli had a yearly net income of approximately $35,000.

The record shows that at the time of the divorce proceedings, Mrs. Bertagnolli had decided to move from Three Forks to Bozeman. The complaint filed by Mrs. Bertganolli states that she felt it would be in the best interests of the couple's children to remain together in their home in Three Forks where they attended school. To facilitate this, Mrs. Bertagnolli's complaint alleges custody of the children should be granted to Dr. Bertagnolli.

At the hearing on the divorce, the parties introduced exhibits setting out their living expenses based on the assumption that the trial court would award custody to Dr. Bertagnolli. The exhibits show Mrs. Bertagnolli needed approximately $550 per month to provide for herself. Dr.

Bertagnolli, on the other hand, required almost five times that amount to maintain a household for the couple's children. Dr. Bertagnolli's Exhibit A lists over $2400 per month in expenses necessary to support the Bertagnolli children still dependent on their parents. The list includes expenses for food, clothing, housing and college for a large family.

Subsequent to hearing the complaint, the District Court found all of the property accumulated by the parties during their marriage was in the possession of Dr. Bertagnolli except a 1970 Renault automobile which was in the possession of Mrs. Bertagnolli. The court also found it would be in the best interest of the children of the marriage to be placed in the custody of Dr. Bertagnolli. Based on these findings, the court awarded custody of the children to Dr. Bertagnolli, ordered him to pay Mrs. Bertagnolli's tuition and book expenses if she attended college, ordered the doctor to pay Mrs. Bertagnolli's attorney fees and ordered him to pay her $650 per month for her support and maintenance. Pursuant to a timely motion by Dr. Bertagnolli, the court amended the judgment reducing the monthly payment to $600. Faced with the necessity of keeping the property of the marriage together for the support of the couple's large family, the court awarded Dr. Bertagnolli all the property in his possession. Although the judgment granted almost none of the couple's property to Mrs. Bertagnolli, she did not appeal the District Court's decision.

Mrs. Bertagnolli remarried in 1978. After the remarriage, Dr. Bertagnolli refused to make any further monthly payments. The appellant, now Mrs. Nelson, petitioned the District Court to hold the doctor in contempt for failing to

make his monthly payments. After a hearing on the matter, Judge Lessley terminated Dr. Bertagnolli's obligation to make further payments, citing sections 21-139 and/or 48-330(2), R.C.M. 1947, now section 40-4-208(2), MCA. Those sections require the court to terminate maintenance payments upon the remarriage of the party receiving maintenance absent certain conditions not present in this case. Mrs. Nelson appeals this decision of the lower court.

The controversy in this case centers around the language in the amended decree of divorce and judgment entered in 1975 granting the former Mrs. Bertagnolli support and maintenance payments in lieu of a property division. If we determine the monthly payments ordered by this part of the divorce decree constitute maintenance or alimony, the District Court properly held the payments should terminate on Mrs. Bertagnolli's remarriage. Section 40-4-208(2), MCA. If, however, the payments were intended to be a part of the property division between the parties, the property settlement produced for Mrs. Bertagnolli a vested right in the payments. In re Marriage of Reilly (1978), ____ Mont. ____, 577 P.2d 840, 844, 35 St.Rep. 451, 457. Under this interpretation of the original decree, her remarriage would not affect this right, and the District Court order terminating the payments should be reversed.

This Court has considered the question of whether language in divorce decrees constitutes an award of maintenance or a division of property on several prior occasions: Washington v. Washington (1973), 162 Mont. 349, 354-357, 512 P.2d 1300; Movius v. Movius (1974), 163 Mont. 463, 467-469, 517 P.2d 884; Taylor v. Taylor (1975), 167 Mont.

164, 168-170, 537 P.2d 483; Englund v. Englund (1976), 169 Mont. 418, 421, 547 P.2d 841.

Washington, Movius and Taylor all involved situations in which the parties to the divorce had entered into settlement agreements which were incorporated by reference into court divorce decrees. In those cases, we looked to the agreements to determine if the alimony provisions were integral parts of the entire agreement between the parties. If the maintenance provisions were inseparable from the property settlement portions of the entire agreement, we held the alimony payments constituted a part of the property settlement contract. As such, the courts did not possess authority to modify the agreement between the parties. Taylor, 167 Mont. at 168.

We cannot apply the analysis employed in these three cases to the instant case. The parties here did not enter into a settlement agreement. We cannot, therefore, determine if the alimony payments awarded to Mrs. Bertagnolli were an integral part of the agreement between the parties. In addition, we cannot say the District Court erroneously exercised its power by modifying an agreement between the parties here when no agreement existed.

We must, therefore, rely on the standard set out in Englund v. Englund, supra, and cases from other jurisdictions dealing with situations where the maintenance award is decretal rather than based on a settled agreement. When the question arises under these circumstances, we examine the intent of the District Court in issuing the decree to determine if the payments constitute maintenance or part of a property settlement. Englund, 169 Mont. at 421; Viglione v. Viglione (1976), 171 Conn. 213, 368 A.2d 202, 204-205. If

-5-

the lower court mistakenly labels maintenance what it obviously intends to be a part of the property settlement, we will recognize the award as part of the property settlement on appeal. Englund, 169 Mont. at 421.

Applying this test here, we find the facts show the trial court intended the payments to be maintenance, not part of a property settlement. The language used by the District Court in the original decree strongly indicates the court intended the payments to be maintenance. The decree, as amended, reads:

> "In lieu of a division of the property of Plaintiff and Defendant, Defendant shall pay Plaintiff the sum of SIX HUNDRED DOLLARS ($600.00) per month as and for her support and maintenance . . ."

The plain meaning of that language indicates the court intended the award to constitute maintenance instead of a property settlement.

In making the award, the lower court considered the ability of Dr. Bertagnolli to make payments and Mrs. Bertagnolli's necessary monthly expenses. It is clear from the reduction of the amount of the payments from $650 to $600 because the second figure was closer to Mrs. Bertagnolli's living expenses that the court did not tie the amount of the payments to the value of the property accumulated by the parties during the marriage. This fact also leads to the conclusion that the District Court intended payments to be maintenance rather than a property division.

Finally, here, as in Viglione where the Connecticut Supreme Court had a transcript of remarks made by the referee who originally decided the case when called upon to interpret the provisions, we have the benefit of the interpretation of the questioned clause by the judge that issued

the initial decree.  We do not face the Englund situation of reviewing the interpretation of the language by a second District Court judge.  The instant fact situation does not require us to read the mind of the judge who entered the original decree to determine its meaning.  The judge that entered the initial decree tells us what he intended by the language in the decree in the findings, conclusions, order and judgment he issued in 1978.  The judge concluded the language in the first decree awarded Mrs. Bertagnolli maintenance, not property settlement payments.

For the reasons set out above, we affirm the judgment of the District Court.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

Mr. Justice Daniel J. Shea dissenting:

An analysis of what the majority has done in this case must start with the end result. This Court has determined that a woman who gave 27 years to her husband as a wife and mother of their 7 children at the dissolution of this marriage which resulted in the joint accumulation of property worth $220,000 is entitled to absolutely nothing. This cannot be justice.

The central issue, according to the majority, requires only an interpretation of the following conclusion of law contained in the divorce decree entered in July 1975:

> "In lieu of a division of the property of
> Plaintiff and Defendant, Defendant shall pay
> Plaintiff the sum of SIX HUNDRED DOLLARS ($600.00)
> per month as and for her support and maintenance
> . . ." (Emphasis added.)

Compelled of course, only by logic and justice, the trial court and this Court concluded that the payments were to continue only until such time as the wife should remarry. This conclusion is permitted only if the words "support and maintenance" are interpreted as traditional maintenance. If so, then upon the wife's remarriage, the result naturally flows that under either section 48-330(2), R.C.M. 1947 (now section 40-4-208(2), MCA), or its predecessor in effect at the time of the entry of the decree, section 21-139, R.C.M. 1947 (repealed in 1975), that the duty of the husband to pay such "support and maintenance" terminated upon the wife's remarriage in March 1978. Neither logic nor justice requires this result.

Both the trial court and this Court ignore the implication which naturally follows from a conclusion of law awarding "support and maintenance" to the wife "in lieu of a division of the property" of the husband and wife. By this language the trial court plainly recognized that the wife had a property interest

-8-

in the assets of the marriage, but in considering the total circumstances, chose to order the property interest paid in some other form.

The meaning of the phrase "in lieu of" is well defined. Black's Law Dictionary (4th Ed., at 896) defines it as meaning "instead of, as a substitute for", or "in place of." The trial court chose the words "instead of", and so did the majority here:

> "The plain meaning of that language indicates the court intended the award to constitute maintenance instead of a property settlement." (Emphasis added.)

Both the trial court, and this Court, it seems, without a discussion, proceeded on the assumption that the phrase "support and maintenance" means solely a conditional form of payment, subject to termination by coming within the termination of support provisions contained in section 21-139, R.C.M. 1947 and its successor, section 40-4-208(2), MCA. I do not construe this phrase so narrowly, particularly in light of the devastating consequences it has in this case.

By emphasizing that it was awarding support and maintenance in lieu of a property division, the trial court, in effect, stated: The wife has a right to an equitable division of the $220,000 assets acquired by the joint efforts of the parties during the marriage. However, rather than to divide the property, I am going to keep it intact by substituting in its stead, the right of the wife to support and maintenance in exchange for her giving up her claim to an equitable division of the real and personal property.

Unfortunately, the trial court chose the words "support and maintenance" rather than more accurately characterizing the true nature of her claim. Three years later these poorly chosen words became a trap for the unwary wife.

-9-

Here the trial court clearly recognized the wife's property interest in the $220,000 marital estate. Despite this interest, did the trial court mean that it was awarding her $600 per month only until she remarried or became fully self-supporting? If this is the case, it awarded the wife virtually nothing. For her to realize anything out of the marital accumulations she had to refrain both from remarriage and from becoming fully self-supporting. In exchange for this conditional interest, did the wife give up, by virtue of the trial court's decree, any interest she had in the assets jointly acquired during the marriage, with a total value of $220,000? It strains credulity to consider this as a fair exchange. This result, furthermore, is not compelled by the law or the facts.

When the original decree was entered, it is clear that the "support and maintenance" was not awarded to her simply because she was unable to support herself and her husband had the financial ability to do so. Rather, it was awarded to her to compensate for her interest in the property acquired during the marriage. Would there be any other reason for the trial court to condition this "support or maintenance" as being in lieu of a division of property.. . ."? The findings and conclusions originally entered by the trial court fully support the conclusion that the wife was being compensated for a property interest. That property interest, however ill-defined, vested at the time of the entry of the findings and conclusions and the failure of the husband to appeal from the trial court's original judgment.

A detailed summary of the trial court proceedings in this case is necessary to understand the stature of the case at the time it was submitted to the trial court for decision. It is a gross over-simplification, to conclude, as the majority has, that the only issue to be decided is to determine the meaning of the questioned clause in the divorce decree, but to ignore the status of the case at the time it was submitted to the trial court for a determination of the rights of the parties.

-10-

In September 1974, the wife filed a complaint for the dissolution of her marriage.  She specifically alleged that the parties had acquired real and personal property through their joint efforts and further requested the trial court to

"determine those rights [and] set over to each of the parties their respective rights in said property."  She also asked for temporary support or maintenance pending the final decree.

Concerning her request for alimony or maintenance, the wife alleged that she was without any means of support and that the husband "should be required to pay plaintiff monthly alimony or a lump sum in lieu thereof, as in the Court's discretion it may deem equitable."  (Emphasis added.)

In her prayer for relief she specifically requested the trial court to "make an equitable division of the property of the parties" and to order "such sums as it deems meet and equitable for Plaintiff's support and maintenance,. . ."

The issues as to property and maintenance were joined when the husband filed his answer.  He denied the wife's allegation that the property was acquired by their joint efforts and he denied her allegation that she was in need of maintenance. Concerning her allegation as to the accumulation of marital property, the husband specifically alleged:

> ". . . this answering defendant admits that during their married life defendant has accumulated certain real and personal properties; denies each and every allegation and every part of every allegation of said paragraph not hereinbefore otherwise qualified or admitted."  (Emphasis added.)

It is clear, therefore, that the husband claimed all the property for himself, that is, that he alone had accumulated the property.

In his prayer for relief, he requested that the wife take nothing by her complaint and that he be granted all the relief

he requested.  This of course would require a determination that he alone owned all the property acquired during the marriage and that the wife should be paid nothing for maintenance.

Before the actual dissolution of marriage, the wife obtained a temporary maintenance order from the trial court based upon her allegations, and the evidence submitted in support of her need.  Before trial on the merits because she had no access to the records involved, she submitted detailed interrogatories to the husband concerning a listing and valuation of the property acquired during the marriage.  It was established that the value of the real property and personal property acquired during the marriage was in the vicinity of $220,000.

After a hearing on the merits the trial court entered its findings of fact and conclusions of law.  The record of the trial is not available to this Court for it appears that either the court reporter or someone in the Clerk of Court's office lost the trial notes, leaving a transcription impossible.

The divorce was granted on the basis of irreconcilable differences; both wife and husband were found to be fit and proper to have custody of the children; custody was awarded to the husband based upon the request of the wife and request of the husband.  At the time of the divorce the wife was age 49 and the husband age 50.  The husband had a taxable income of $50,000 per year and net income of $36,000 per year.  As to the property acquired during the marriage, the trial court entered the following findings:

> "The Plaintiff and Defendant in their married lives
> have accumulated certain real and personal property,
> consisting of real estate and personal property and
> investments and securities having a total value of
> TWO HUNDRED TWENTY THOUSAND DOLLARS ($220,000.00),
> all of which are more specifically described in Exhibit
> 'A' attached hereto and by this reference made a part
> thereof;

"All of the property of the parties accumulated during their marriage as aforesaid, is in the possession and control of the Defendant, with the exception of a 1970 Renault, which is in the possession of the Plaintiff;"

The trial court entered five conclusions of law, but only one of them related to the property acquired by the husband and wife during the marriage, and it is the provision disputed in this appeal:

"In lieu of a division of the property of Plaintiff and Defendant, Defendant shall pay Plaintiff the sum of SIX HUNDRED AND FIFTY DOLLARS ($650.00) per month as and for her support and maintenance commencing July 1, 1975, which sums shall be paid on the 1st of each month by the Defendant through the Clerk of the above-entitled Court;" (Emphasis added.)

After the entry of judgment, the husband immediately recognized that the trial court had found that the property had been accumulated by the efforts of he and his wife, and he therefore launched an attack on this finding by moving the trial court to amend its findings and conclusions. With respect to the finding on the joint accumulation of the real and personal property the husband requested the trial court to substitute the following finding of fact.

". . . that the property and assets accumulated during the marriage is not the result of joint efforts of plaintiff and defendant, but rather, is almost solely as a result of defendant's investment program and labor as a general practitioner."

By making this motion, it cannot be denied, that the husband knew full well that the wife was recognized in the decree as having an interest in the $220,000 assets accumulated during the marriage.

In addition to asking the trial court to change its finding in relation to the property accumulations by the joint efforts of the husband and wife, and to substitute a finding that only the husband had contributed to and acquired this property, the husband asked the trial court to reduce the monthly payment from $650

-13-

per month to $600 per month. It is apparent that he had an ulterior motive in making this request.

The husband gambled that should the court not change its finding relating to the joint acquisition of marital assets, an order reducing the amount paid would serve as a launching pad for future argument that the monthly payments were nothing more than traditional maintenance, terminable upon the wife either becoming fully self-supporting or upon her remarriage. He proved to be correct.

We thus have the situation in which the trial court refused to change the finding of fact that the wife and husband had jointly acquired real and personal property valued at $220,000. On the other hand, the trial court reduced the monthly payment from $650 per month to $600 per month. The wife did not appeal from the trial court's reduction of the monthly payments, and the husband did not appeal from the trial court's finding, and its refusal to change the finding of fact that the husband and wife had jointly accumulated the marital estate valued at $220,000. This is the status of the District Court judgment as it reaches us on this appeal.

There is another crucial event which occurred after entry of the original judgment, which must be considered. After both parties had foregone an appeal, the wife, in reliance upon the decree awarding her "maintenance and support" as a substitute for a "division of the property of Plaintiff [the wife] and Defendant [the husband]", conveyed all her interest in the real property to her husband, and also gave up any interest she had in the personal property acquired during the marriage. Would she have done this if she believed that either her remarriage or her becoming fully self-supporting would automatically cut off the monthly payments and terminate any claim she had to the marital

-14-

assets?  This, in effect, is what the trial court held, and this in effect, is what this Court held.

The result is that if we presume no increase in valuation of the marital estate, the husband paid close to $18,000 to the wife in the form of monthly payments from August 1975 through March 1978.  Thus, from the marital assets, the husband has received property valued at $202,000 ($220,000 less $18,000) and the wife has received $18,000.  The husband has received more than ten times what the wife has received.  This can hardly be classified as an equitable distribution of the marital assets. I fail to see under these circumstances how either equity or the law is on the side of the husband.

Stripped to its essentials, the majority opinion reasons as follows:  The plain meaning of the questioned clause in the divorce decree is that only support and maintenance in the traditional sense is contemplated.  But if the plain reading is not enough to justify this conclusion, then this, combined with the factors considered by the trial court in arriving at the monthly financial needs of the wife and the ability of the husband to respond to those financial needs, is indicative that no property interest, direct or indirect, was contemplated.

Thus, reaching the conclusion that no property interest (direct or indirect) was contemplated, the majority concludes that, unlike a property interest, the receipt of support and maintenance is not a vested right; rather it is a charitable gift, subject to the subsequent conditions contained in section 29-131, R.C.M. 1947, and its successor, section 48-330(2), R.C.M. 1947 (now section 40-4-208(2), MCA).  Upon the happening of any of these subsequent conditions contained in these statutes, the right to receive support and maintenance is terminated.  Here, the wife's remarriage triggered the provision of the statute providing that remarriage terminates the obligation to pay support and maintenance.

If the meaning is so plain, the majority should merely have confined itself to a discussion of the clause itself in reaching the decision that the wife's support and maintenance was terminated upon her remarriage. Furthermore, as I have previously discussed, the majority totally ignored the implication that a property right of some kind was recognized by the fact that the trial court had found the wife and husband had jointly accumulated the marital assets, and that support and maintenance was awarded to the wife as a substitute ("in lieu of") for her giving up specific claims to the $220,000 marital assets. The majority ignored the crucial fact that in reliance upon the decree, the wife conveyed all her interest in the real estate to the husband and gave up any claim to specific personal property assets accumulated during the marriage.

Nor can I give much weight to the factors allegedly considered by the trial court in arriving at the monthly payments. The trial court chose not to apportion the marital assets between the parties—that is, it chose to keep these assets intact. In effect, it awarded them to the husband. As long as the trial court chose not to order a division of the property, which may have required a sale, it had to consider both the ability of the husband to make monthly payments and the wife's needs in arriving at what it considered a reasonable monthly payment. If this were not done, the practical effect might have been that the husband would have been compelled to sell some of the assets in order to meet the monthly payments. This, ostensibly, is what the trial court was trying to avoid. But, above all, the vital factor is that the support and maintenance was awarded as a substitute for a property division. This is not support and maintenance in the traditional sense, subject to termination upon the wife either becoming fully self-supporting or upon her remarriage.

-16-

Without question, in substituting support and maintenance for an equitable property division, the trial court recognized that the wife had a claim to an equitable division of the marital assets, but for reasons known only to the trial court, it chose to award this interest in the form of support and maintenance. Under the circumstances of this case, I have no hesitation in concluding that the wife's interest in support and maintenance was a vested interest.

It appears that neither party had any control over the terminology of the divorce decree. I say this because there is nothing in the record to indicate whether either party suggested the terminology contained in the questioned clause, or even suggested this approach to the trial court. The District Court file contains no proposed findings and conclusions, thus it is difficult to determine the precise theory used by either the husband or the wife.

By concluding that the wife has a vested right to support and maintenance, I am not unmindful of the potential implications of this result--namely, that the wife would have a claim to $600 per month for the rest of her natural life being that the trial court set no value on that portion of the marital assets to which she was equitably entitled. This would mean that she had the potential of realizing much more from the marital estate than would be her just share.

Because the language used by the trial court is so poorly chosen, it is impossible to determine the future rights of the parties without additional proceedings in the trial court. I would reverse the trial court and remand for a determination of the value of the estate to which the wife is equitably entitled, and then permit the $600 monthly payments to continue until that value is satisfied. In the alternative, I would order that the trial court equitably apportion the marital assets between the husband and wife, assuming that they are still sufficiently intact and not encumbered.

-17-

It is a gross injustice to let the decision of the trial court stand, the effect of which is to ratify a decision that the wife is entitled to less than one-tenth of the marital estate after she has given 27 years to her husband as a wife and mother of their 7 children. This result should be sanctioned by neither law nor equity.

Daniel J. Shea
Justice