MR. JUSTICE HARRISON
delivered the opinion of the Court.
Appellant, formerly Patricia H. Bertagnolli, began this action in 1974 by filing a complaint for divorce in the Eighteenth Judicial District before the Honorable W. W. Lesley. The complaint requested the court to dissolve her marriage to the respondent, Dr. Edward E. Bertagnolli, to equitably divide the property of the parties, and to award her support and maintenance payments and attorney fees.
At the time the complaint was filed, Dr. and Mrs. Bertagnolli had been married for 27 years. During the marriage, Dr. Bertagnolli practiced medicine in Three Forks, Montana, and Mrs. Bertagnolli cared for the couple’s home and raised the seven children born to the marriage. The couple accumulated real estate and personal property valued at $220,000 at the time of their divorce. In the years immediately prior to the divorce, Dr. Bertagnolli had a yearly net income of approximately $35,000.
The record shows that at the time of the divorce proceedings, Mrs. Bertagnolli had decided to move from Three Forks to Bozeman. The complaint filed by Mrs. Bertagnolli states that she felt it *3 would be in the best interests of the couple’s children to remain together in their home in Three Forks where they attended school. To facilitate this, Mrs. Bertagnolli’s complaint alleges custody of the children should be granted to Dr. Bertagnolli.
At the hearing on the divorce, the parties introduced exhibits setting out their living expenses based on the assumption that the trial court would award custody to Dr. Bertagnolli. The exhibits show Mrs. Bertagnolli needed approximately $550 per month to provide for herself. Dr. Bertagnolli, on the other hand, required almost five times that amount to maintain a household for the couple’s children. Dr. Bertagnolli’s Exhibit A lists over $2400 per month in expenses necessary to support the Bertagnolli children still dependent on their parents. The list includes expenses for food, clothing, housing and college for a large family.
Subsequent to hearing the complaint, the District Court found all of the property accumulated by the parties during their marriage was in the possession of Dr. Bertagnolli except a 1970 Renault automobile which was in the possession of Mrs. Bertagnolli. The court also found it would be in the best interest of the children of the marriage to be placed in the custody of Dr. Bertagnolli. Based on these findings, the court awarded custody of the children to Dr. Bertagnolli, ordered him to pay Mrs. Bertagnolli’s tuition and book expenses if she attended college, ordered the doctor to pay Mrs. Bertagnolli’s attorney fees and ordered him to pay her $650 per month for her support and maintenance. Pursuant to a timely motion by Dr. Bertagnolli, the court amended the judgment reducing the monthly payment to $600. Faced with the necessity of keeping the property of the marriage together for the support of the couple’s large family, the court awarded Dr. Bertagnolli all the property in his possession. Although the judgment granted almost none of the couple’s property to Mrs. Bertagnolli, she did not appeal the District Court’s decision.
Mrs. Bertagnolli remarried in 1978. After the remarriage, Dr. Bertagnolli refused to make any further monthly payments. The appellant, now Mrs. Nelson, petitioned the District Court to hold *4 the doctor in contempt for failing to make his monthly payments. After a hearing on the matter, Judge Lessley terminated Dr. Bertagnolli’s obligation to make further payments, citing section 21-139 and/or 48-330(2), R.C.M.1947, now section 40-4-208(2), MCA. Those sections require the court to terminate maintenance payments upon the remarriage of the party receiving maintenance absent certain conditions not present in this case. Mrs. Nelson appeals this decision of the lower court.
The controversy in this case centers around the language in the amended decree of divorce and judgment entered in 1975 granting the former Mrs. Bertagnolli support and maintenance payments in lieu of a property division. If we determine the monthly payments ordered by this part of the divorce decree constitute maintenance or alimony, the District Court properly held the payments should terminate on Mrs. Bertagnolli’s remarriage. Section 40-4-208(2), MCA. If, however, the payments were intended to be a part of the property division between the parties, the property settlement produced for Mrs. Bertagnolli a vested right in the payments. In re Marriage of Reilly (1978), 176 Mont. 239, 577 P.2d 840, 844. Under this interpretation of the original decree, her remarriage would not affect this right, and the District Court order terminating the payments should be reversed.
This Court has considered the question of whether language in divorce decrees constitutes an award of maintenance or a division of property on several prior occasions: Washington v. Washington (1973), 162 Mont. 349, 354-357, 512 P.2d 1300; Movius v. Movius (1974), 163 Mont. 463, 467-469, 517 P.2d 884; Taylor v. Taylor (1975), 167 Mont. 164, 168-170, 537 P.2d 483; Englund v. Englund (1976), 169 Mont. 418, 421, 547 P.2d 841.
Washington, Movius and Taylor all involved situations in which the parties to the divorce had entered into settlement agreements which were incorporated by reference into court divorce decrees. In those cases, we looked to the agreements to determine if alimony provisions were integral parts of the entire agreement between the parties. If the maintenance provisions were inseparable from the *5 property settlement portions of the entire agreement, we held the alimony payments constituted a part of the property settlement contract. As such, the courts did not possess authority to modify the agreement between the parties. Taylor, 167 Mont, at 168, 537 P.2d 483.
We cannot apply the analysis employed in these three cases to the instant case. The parties here did not enter into a settlement agreement. We cannot, therefore, determine if the alimony payments awarded to Mrs. Bertagnolli were an integral part of the agreement between the parties. In addition, we cannot say the District Court erroneously exercised its power by modifying an agreement between the parties here when no agreement existed.
We must, therefore, rely on the standard set out' in Englund v. Englund, supra, and cases from other jurisdictions dealing with situations where the maintenance award is decretal rather than based on a settled agreement. When the question arises under these circumstances, we examine the intent of the District Court in issuing the decree to determine if the payments constitute maintenance or part of a property settlement. Englund, 169 Mont. at 421, 547 P.2d 841; Viglione v. Viglione (1976), 171 Conn. 213, 368 A.2d 202, 204-205. If the lower court mistakenly labels maintenance what it obviously intends to be a part of the property settlement, we will recognize the award as part of the property settlement on appeal. Englund, 169 Mont. at 421, 547 P.2d 841.
Applying this test here, we find the facts show the trial court intended the payments to be maintenance, not part of a property settlement. The language used by the District Court in the original decree strongly indicates the court intended the payments to be maintenance. The decree, as amended, reads:
“In lieu of a division of the property of Plaintiff and Defendant, Defendant shall pay Plaintiff the sum of SIX HUNDRED DOLLARS ($600.00) per month as and for her support and maintenance ...”
The plain meaning of that language indicates the court intended *6 the award to constitute maintenance instead of a property settlement.
In making the award, the lower court considered the ability of Dr. Bertagnolli to make payments and Mrs. Bertagnolli’s necessary monthly expenses. It is clear from the reduction of the amount of the payments from $650 to $600 because the second figure was closer to Mrs. Bertagnolli’s living expenses that the court did not tie the amount of the payments to the value of the property accumulated by the parties during the marriage. This fact also leads to the conclusion that the District Court intended payments to be maintenance rather than a property division.
Finally, here as in Viglione where the Connecticut Supreme Court had a transcript of remarks made by the referee who originally decided the case when called upon to interpret the provisions, we have the benefit of the interpretation of the questioned clause by the judge that issued the initial decree. We do not face the Englund situation of reviewing the interpretation of the language by a second District Court judge. The instant fact situation does not require us to read the mind of the judge who entered the original decree to determine its meaning. The judge that entered that initial decree tells us what he intended by the language in the decree in the findings, conclusions, order and judgment he issued in 1978. The judge concluded the language in the first decree awarded Mrs. Bertagnolli maintenance, not property settlement payments.
For the reasons set out above, we affirm the judgment of the District Court.
MR. CHIEF JUSTICE HASWELL and JUSTICES DALY and SHEEHY concur.