No. 03-209

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 289

SHERMAN P. HAWKINS,

        Plaintiff and Appellant,

    v.

MONTANA STATE PRISON, MIKE MAHONEY, Warden,
WILLIAM BROWN, LT. BOB MALONE, CONNIE STEEN,
and CANDYCE NEUBAUER and THE STATE OF MONTANA,

        Defendants and Respondents.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and for the County of Powell, Cause No. DV 98-97
The Honorable Loren Tucker, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        Sherman P. Hawkins, *pro se*, Deer Lodge, Montana

        For Respondents:

        Honorable Mike McGrath, Montana Attorney General, Diana Leibinger
Koch, Department of Corrections, Helena, Montana

Submitted on Briefs:  September 4, 2003

Decided:  October 19, 2004

Filed:

_____
                    Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Sherman P. Hawkins appeals an Order of Summary Judgment granted to Defendants Montana State Prison, Mike Mahoney, Warden, William Brown, Lt. Bob Malone, Connie Steen, Candyce Neubauer, and the State of Montana (collectively referred to hereinafter as "MSP"). We affirm.

## ISSUES

¶2 Hawkins states eight issues on appeal, which we restate as follows:

¶3 1. Did the District Court violate the "law of the case" when it granted an Order of Summary Judgment to MSP and denied Hawkins' Motion for Summary Judgment?

¶4 2. Did the District Court erroneously consider hearsay evidence contained in MSP's affidavits when it granted Summary Judgment to MSP?

¶5 3. Did the District Court err when it dismissed Hawkins' claim of civil rights violations pursuant to 42 U.S.C. § 1983?

## FACTUAL AND PROCEDURAL BACKGROUND

¶6 This case has an unduly complicated procedural history. Hawkins filed suit against MSP for reasons detailed below. The District Court dismissed his suit for failure to state a claim upon which relief could be granted, pursuant to Defendants' Rule 12(b)(6), M.R.Civ.P., Motion. Hawkins appealed and we reversed. *See Hawkins v. Mahoney*, 1999 MT 296, 297 Mont. 98, 990 P.2d 776 ("Hawkins I").

¶7 We reiterate some of the factual background from *Hawkins I* because of its relevancy here. Hawkins is an inmate at Montana State Prison in Deer Lodge, Montana. On July 12,

2

1997, Hawkins escaped from the prison. Immediately following his escape, Montana State Prison officials packed up Hawkins' personal property in boxes, sealed them with security tape, placed Hawkins' name on each box and removed the boxes from his cell. Hawkins' personal property was placed in the prison's storage room on July 12, 1997, the day of his escape.

¶8 On July 14, 1997, Hawkins was apprehended and returned to the prison. Upon his return, prison officials placed him in administrative segregation in the maximum security unit. Following a Department of Corrections disciplinary hearing on July 20, he was found guilty of escape. He received the following sanctions: ten days in disciplinary segregation, loss of good-time, and a recommendation for reclassification to the maximum security unit. The disciplinary hearings officer did not order Hawkins' personal property destroyed. During the next 30 days Hawkins requested the return of his personal property several times.

¶9 In September 1997, prison officials escorted Hawkins to the storage room and allowed him to remove his legal papers and legal materials from the boxes of his personal property. Prison officials informed Hawkins that, by policy, when an inmate escapes, all of his property is considered abandoned and is subsequently destroyed. Prison officials then informed him that his remaining personal property would either be destroyed or sold. Sometime after September 1997, prison officials destroyed or sold Hawkins' remaining personal property.

¶10 Hawkins subsequently filed this action against five Montana State Prison officials and the State of Montana and alleged that the individual defendants destroyed his property

3

without affording him due process of law, that he had formed a gratuitous bailment which MSP violated, and that the destruction of his property constituted the infliction of cruel and unusual punishment. Before filing its Answer, MSP filed a motion to dismiss Hawkins' complaint for failure to state a claim upon which relief could be granted pursuant to Rule 12(b)(6), M.R.Civ.P. On February 2, 1999, the District Court granted MSP's motion to dismiss. The District Court concluded that Hawkins had abandoned his property by his escape and that the abandonment constituted a complete defense to any action brought by Hawkins which depended on his ownership of the property. Hawkins appealed.

¶11 We reversed, concluding that the District Court erred when it held that Hawkins had abandoned his personal property, and further that the District Court erroneously concluded that Hawkins had failed to state a claim upon which relief could be granted pursuant to Rule 12(b)(6), M.R.Civ.P. *Hawkins I*, ¶ 21.

¶12 Following remand, Hawkins alleged, among other things, that MSP's actions constituted conversion of his personal property. Multiple motions and cross-motions were filed by both parties. Ultimately, the District Court conducted a hearing on the parties' opposing motions for summary judgment. MSP argued that a property policy in effect at the time of Hawkins' escape--MSP Policy 09-013--was determinative of Hawkins' claim. This policy provided that an escaped prisoner's property would be considered contraband and would be confiscated and destroyed or sold at auction. Among other arguments, Hawkins countered that the "law of the case" was established in *Hawkins I* and that MSP should be precluded from changing its defense theory on remand.

4

¶13 The District Court granted summary judgment to MSP and denied Hawkins' motion for summary judgment. It found and concluded that Policy 09-013 was a reasonable policy and that there was no evidence that it was improperly applied to Hawkins. Hawkins now appeals.

## STANDARD OF REVIEW

¶14 We review a district court's grant of summary judgment *de novo*, applying the same evaluation under Rule 56, M.R.Civ.P., as the district court. *Glacier Tennis Club at the Summit, LLC v. Treweek Constr. Co., Inc.,* 2004 MT 70, ¶ 21, 320 Mont. 351, ¶ 21, 87 P.3d 431, ¶ 21 (citations omitted). In other words, the party moving for summary judgment has the initial burden of proving that there are no genuine issues of material fact that would permit a non-moving party to succeed on the merits of the case, and if the moving party meets that burden, then the non-moving party must provide substantial evidence that raises a genuine issue of material fact in order to avoid summary judgment in favor of the moving party. *Glacier*, ¶ 21 (citations omitted). Once it is established that no genuine issues of material fact exist, the district court must then determine whether the moving party is entitled to judgment as a matter of law, and this Court reviews that determination to determine whether the district court erred. *Glacier*, ¶ 21 (citations omitted).

## DISCUSSION

### ISSUE ONE

¶15 Did the District Court violate the "law of the case" when it granted an Order of Summary Judgment to MSP and denied Hawkins' Motion for Summary Judgment?

5

¶16    While many issues were raised in MSP's and Hawkins' respective motions for summary judgment, we focus on two issues: the applicability of Policy 09-013, and whether the grant of summary judgment violates the "law of the case" as set forth in *Hawkins I*.

¶17    Hawkins engages in a complicated argument regarding the applicability of Policy 09-013 and other prison policies in an attempt to demonstrate that the destruction of his property was contrary to prison policy. Policy 09-013, upon which MSP relied in obtaining summary judgment, provides:

> J. When an inmate leaves the institution on escape or dies, the following will apply:
>
> . . .
>
> 2) In the case of an escape, property will be turned over to Department Investigators. The property will be considered contraband and will be confiscated and sold at auction or destroyed if not suitable for sale.

While Hawkins argues that this policy applies only to prisoners in Reception and not to those who escape from the general population, we conclude that his argument must fail in light of the clear language of the policy. Policy 09-013, by its terms, covers Hawkins' situation as an escaped prisoner. However, before concluding that the policy is dispositive of the issues on appeal, we turn to the question of whether "law of the case" as set forth in *Hawkins I*, should preclude MSP from arguing--and the District Court from deciding--this case based upon a new theory advanced for the first time on remand.

¶18    Hawkins concedes that the courts afford prison officials "wide ranging deference" to adopt and execute policies to maintain order and discipline in the prison. *See Jellison v.*

6

*Mahoney*, 1999 MT 217, ¶ 12, 295 Mont. 540, ¶ 12, 986 P.2d 1089, ¶ 12. However, he argues that the District Court erred in granting summary judgment to MSP because this violated the "law of the case" as set forth in *Hawkins I*.

¶19 MSP claims that the summary judgment in its favor does not violate the "law of the case" as set forth in *Hawkins I*. MSP maintains that *Hawkins I* was decided upon whether Hawkins abandoned his property, and that the case as it stands now is about whether MSP was within its rights to destroy and/or sell Hawkins' property pursuant to its internal Policy 09-013. MSP argues that the courts indeed afford prison officials wide ranging deference to adopt and execute policies to maintain order and discipline in the prison, and in doing so may enact policies that impinge on inmates' constitutional rights if the policy is "reasonably related to legitimate penological interests." *Worden v. Montana Board of Pardons and Parole*, 1998 MT 168, ¶ 33, 289 Mont. 459, ¶ 33, 962 P.2d 1157, ¶ 33. MSP claims that Policy 09-013's "Escape Clause" is reasonably related to a legitimate penological interest in that it is designed to deter escapes. It also argues that Policy 09-013 was not before this Court in *Hawkins I*, but was appropriately considered on remand.

¶20 Our review of *Hawkins I* indicates that MSP is correct when it claims that the sole issue decided by that Opinion was whether Hawkins had abandoned his property. The "law of the case" is established when this Court states in an Opinion a rule of law necessary to the decision, which must then be adhered to throughout the subsequent proceedings in that case, both in the trial court and on subsequent appeal. *Englund v. Englund* (1979), 184 Mont. 488, 490, 603 P.2d 1048, 1049. In *Hawkins I*, we established that the presumption or inference

7

of intent to abandon one's property, based solely upon the acts of the owner, is a rebuttable presumption, and that Hawkins had effectively rebutted the assumption that he had abandoned his property. *Hawkins I*, ¶ 18. Thus, we determined that Hawkins' complaint was wrongly dismissed for failure to state a claim pursuant to Rule 12(b)(6), M.R.Civ.P. *Hawkins I*, ¶ 21.

¶21    In the case as it now stands before this Court, the issue is no longer abandonment, but rather conversion. The "Escape Clause" of Policy 09-013 was not before this Court in *Hawkins I* and we did not consider then the issue of whether MSP could dispose of Hawkins' property pursuant to its own internal policy.

¶22    Nothing precludes a party following reversal of a dismissal under Rule 12(b)(6), M.R.Civ.P., from advancing different or alternate theories for recovery or in defense on remand. What we announced in *Hawkins I* was that Hawkins had effectively rebutted the presumption that he had abandoned his property, and that Hawkins' complaint was wrongfully dismissed under Rule 12(b)(6), M.R.Civ.P. We therefore remanded for further proceedings. Had MSP pursued the abandonment theory on remand, our pronouncements from *Hawkins I* would surely apply as the "law of the case" in that regard. However, *Hawkins I* came to the Court while the case was in its initial Rule 12(b)(6), M.R.Civ.P., stage, and before any definitive rulings granting or foreclosing judgment on the merits of a claim or defense had been made. In fact, MSP had not yet filed its Answer to Hawkins' Complaint. The case was in its fledgling stages and hence in a posture which still afforded the parties the opportunity to raise new alternative theories for recovery or defense. This

8

being so, we did not in *Hawkins I* consider or bar further claims or defenses from being raised on remand. When Hawkins pled conversion on remand, MSP was entitled to raise its prison policy as a defense. Accordingly, we conclude that the "law of the case" did not bar the District Court from reaching its decision on the basis of Policy 09-013.

¶23 From our *de novo* review, and based upon our conclusions set forth above, we conclude that the District Court did not err when it granted an Order of Summary Judgment to MSP and denied Hawkins' Motion for Summary Judgment.

## ISSUE TWO

¶24 Did the District Court erroneously consider hearsay evidence contained in MSP's affidavits when it granted Summary Judgment to MSP?

¶25 Hawkins claims that the District Court erred when it considered hearsay evidence which was presented by MSP when it ruled in MSP's favor for summary judgment. However, since the District Court did not make any findings or conclusions about the disputed credit card numbers or other escape details alleged in these affidavits, we will not address this argument as it does not affect the outcome of this Opinion.

## ISSUE THREE

¶26 Did the District Court err when it dismissed Hawkins' claim of civil rights violations pursuant to 42 U.S.C. § 1983?

¶27 Hawkins further attempts on appeal to reinstate a claim pursuant to 42 U.S.C. § 1983. During the course of this litigation, Hawkins alternately alleged and withdrew a claim that his civil rights were violated under this statute. When the District Court requested clarification briefs from both parties on the status of this case, Hawkins did not re-allege this

9

claim. He cannot now reinstate it at the appellate level. As this claim was not properly preserved in the court below, we will not consider it on appeal.

## CONCLUSION

¶28    For the foregoing reasons, we affirm the District Court.

/S/ PATRICIA O. COTTER

We Concur:

/S/ JIM REGNIER
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE

Chief Justice Karla M. Gray, specially concurring.

¶29    I join in the result the Court reaches.

¶30    I write separately only to state that I dissented in *Hawkins I* and continue to believe that case is manifestly incorrect on the law.  This Court having declared the law in that case, however, it is my duty--as it is the duty of all Montanans--to follow it.

/S/ KARLA M. GRAY

11