**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40415**

| | | |
|---|---|---|
| **RICHARD JOHN URRIZAGA,** | ) | **2014 Unpublished Opinion No. 335** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: January 24, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Order summarily dismissing successive petition for post-conviction relief, <u>affirmed</u>; order denying request for appointment of counsel, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Richard John Urrizaga appeals from the district court's order summarily dismissing his successive petition for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2003, the State accused Urrizaga of drug-related offenses in two separate cases. Urrizaga pled guilty to trafficking in methamphetamine in Case No. CR-2003-3282 and the State dismissed his possession charge in Case No. CR-2003-633. The district court imposed a unified term of twenty-two years with twelve years determinate for Urrizaga's conviction in Case No. CR-2003-3282.

Thereafter, Urrizaga filed a petition for post-conviction relief. The facts regarding Urrizaga's initial post-conviction proceedings are summarized in *Urrizaga v. State*, Docket No. 39479 (Ct. App. March 14, 2013) (unpublished):

1

In 2011, the State Appellate Public Defender's Office sent Urrizaga a letter indicating misconduct had previously occurred in at least one of the state's forensic laboratories and that Urrizaga may want to determine whether it had any bearing upon his case.

In July 2011, Urrizaga filed a petition for post-conviction relief and was thereafter appointed counsel. In addition to the petition, he submitted letters from the Idaho State Police to Idaho prosecutors generally describing the misconduct that had occurred. The letters indicated that employees at the forensic laboratory in Pocatello had wrongfully maintained a box of unaccounted for drugs that was used for tours of the facility. Employees concealed this box during audits of the facility. The letters also indicated that one employee had ordered a quantity of a drug (GHB) that was in excess of the amount authorized under the Idaho State Patrol Forensic Quality Manual. The employee also concealed this drug from inspectors and auditors.

In the affidavit accompanying his petition, Urrizaga alleged that the Idaho State Police had substituted unaccounted for drugs in place of the drugs related to his case and that the material confiscated from him was not illicit. Urrizaga provided no documents or other evidence supporting this contention and failed to provide a link between the issues at the state forensic lab and his case. The district court filed a notice of intent to dismiss pursuant to I.C. § 19-4906(b) stating that, while the district court found Urrizaga's petition timely, Urrizaga failed to assert facts which would entitle him to relief relating to the misconduct by the state forensic lab. Urrizaga filed a motion to extend time, and the district court granted that motion. However, Urrizaga thereafter failed to respond and the district court summarily dismissed his petition.

*Urrizaga*, Docket No. 39479. Urrizaga appealed the district court's order summarily dismissing his petition, claiming that his post-conviction counsel provided ineffective assistance by obtaining lab results from Case No. CR-2003-633 instead of the case that resulted in his conviction, Case No. CR-2003-3282. This Court did not address the claim as it was not raised in the district court. However, this Court did discuss the merits of Urrizaga's post-conviction petition and stated:

With respect to the issues presented by the petition, the district court found that Urrizaga failed to provide specific information about the misconduct that took place at the forensic lab, in what manner such misconduct related to Urrizaga's case, or the actual impact such misconduct may have had on Urrizaga's conviction. Urrizaga relies upon mere conclusory allegations not supported by any admissible evidence regarding misconduct at a specific forensic laboratory related to his particular case. There is no evidence indicating the drugs seized in Urrizaga's case were tested at the affected lab referenced in the letters, nor is there any evidence regarding the type of impropriety alleged--using unaccounted for drugs in place of seized material from defendants. Therefore, the

2

district court did not err in summarily dismissing Urrizaga's petition for post-conviction relief.

*Urrizaga*, Docket No. 39479.

Thereafter, Urrizaga filed a successive petition for post-conviction relief claiming that his post-conviction counsel provided ineffective assistance by investigating the wrong case, and reasserting his claim that the Idaho State Police substituted unaccounted-for drugs in place of the drugs related to his case. Urrizaga also filed a motion and affidavit in support for appointment of counsel. The district court filed a notice of intent to dismiss stating that Urrizaga's claim had already been adjudicated in the initial post-conviction proceedings and that Urrizaga failed to provide admissible evidence to support his allegation of misconduct by the Idaho State Police forensic laboratory. The district court also denied his request for appointment of counsel. Urrizaga then filed a motion to extend time, which the district court granted. However, Urrizaga failed to respond to the district court's notice of intent to dismiss, and the district court thereafter summarily dismissed his successive petition. Urrizaga timely appeals.

## II.

## ANALYSIS

Urrizaga contends that the district court erred by denying his request for appointment of counsel because he asserted facts which raised the possibility of a valid claim. If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the petition, in the trial court and on appeal. Idaho Code § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004). When a district court is presented with a request for appointed counsel, the court must address this request before ruling on the substantive issues in the case. *Id.*; *Fox v. State*, 129 Idaho 881, 885, 934 P.2d 947, 951 (Ct. App. 1997). The district court abuses its discretion where it fails to determine whether a petitioner for post-conviction relief is entitled to court-appointed counsel before denying the petition on the merits. *See Charboneau*, 140 Idaho at 793, 102 P.3d at 1112.

In determining whether to appoint counsel pursuant to I.C. § 19-4904, the district court should determine if the petitioner is able to afford counsel and whether the situation is one in which counsel should be appointed to assist petitioner. *Charboneau*, 140 Idaho at 793, 102 P.3d

at 1112. In its analysis, the district court should consider that petitions filed by a pro se petitioner may be conclusory and incomplete. *See id.* at 792-93, 102 P.3d at 1111-12. Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim. *Id.* Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if a petitioner alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give petitioner an opportunity to work with counsel and properly allege the necessary supporting facts. *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112.

In the instant case, Urrizaga claims that the district court erred when it denied his motion for appointment of counsel because his allegation that "the ISP Forensic Laboratory either accidentally or purposely substituted 'unaccounted for' drugs that they held hidden on the premises in order to secure a conviction," was unrebutted and therefore, should have been accepted as truth.[1] To support his claim, Urrizaga submitted to the district court the same letters he submitted with his initial post-conviction petition, which were letters from the Idaho State Police to Idaho prosecutors generally describing the misconduct that occurred at the forensic laboratory.

We conclude that Urrizaga failed to raise the possibility of a valid claim. Urrizaga provided no evidence, other than his own statements, that the testing of the substance in his case was tainted in any way. Even if Urrizaga's statements were not controverted by the State, the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011). The letters attached to his petition only generally described the misconduct that occurred at the laboratory and provided no indication that his lab results were affected in any way due to the misconduct. The misconduct that occurred at the forensic

---

[1] Urrizaga also claims that his initial post-conviction counsel provided ineffective assistance by obtaining the lab results from Case No. CR-2003-633 instead of obtaining the lab results from Case No. CR-2003-3282, the case in which he was convicted. However, as the State points out, there is no constitutionally-protected right to the effective assistance of counsel in post-conviction relief proceedings. *Rios-Lopez v. State*, 144 Idaho 340, 343, 160 P.3d 1275, 1278 (Ct. App. 2007). Thus, such an allegation, in and of itself, is not among the permissible grounds for post-conviction relief. *See Griffin v. State*, 142 Idaho 438, 441, 128 P.3d 975, 978 (Ct. App. 2006); *Wolfe v. State*, 113 Idaho 337, 339, 743 P.2d 990, 992 (Ct. App. 1987).

laboratory in Pocatello involved the violation of internal rules regarding the ordering, storing, and maintenance of a substance used for display purposes. Urrizaga has failed to show, or even develop an inference, that the misconduct that occurred at the forensic laboratory led to an improper test result in his case. Indeed, he has provided no evidence that the substance in his case was tested at the forensic laboratory in Pocatello, that the individuals responsible for the misconduct were in any way involved in the testing of his substance, or how the misconduct effected the testing of his substance in any way. Even if counsel was appointed and counsel discovered that the substance in his case was in fact tested in the forensic laboratory in Pocatello, Urrizaga has not demonstrated that the drug-test procedures in his case were compromised in any way due to the misconduct of the individuals at that laboratory. There simply is no evidence, or even a reasonable inference, linking the policy violation at the forensic laboratory to the handling or testing of drugs in a particular case. Without anything other than the conclusory allegations of mishandling, Urrizaga failed to raise the possibility of a valid claim. Therefore, the district court did not err in denying his request for appointment of counsel and dismissing the successive petition.

### III.

### CONCLUSION

Urrizaga has failed to demonstrate reversible error. Accordingly, the district court's order summarily dismissing Urrizaga's successive petition for post-conviction relief and denying his request for appointment of post-conviction counsel is affirmed.

Judge LANSING and Judge MELANSON **CONCUR.**