WILLIAM MAGELSSEN, Plaintiff and Appellant, *v.* W. G. ATWELL et al., Defendants and Respondents.

No. 11599.
Submitted Feb. 14, 1969.
Decided March 5, 1969.
451 P.2d 103.

Berger, Anderson & Sinclair, James J. Sinclair (argued), Billings, for appellant.

William F. Meisburger, County Atty. (argued), Forsyth, for respondents.

MR. JUSTICE BONNER delivered the Opinion of the Court.

Plaintiff, William Magelssen, brought this action to quiet title to Section 15, Township 10 North, Range 35 East, M.P.M., Rosebud County, Montana. The cause was tried before the Honorable Alfred B. Coate sitting without a jury, and judgment was entered against the plaintiff. The plaintiff now appeals alleging three issues for review: (1) that the evidence does not support the findings of fact, conclusions of law and judgment entered by the court; (2) that the findings of fact and conclusions of law entered by the court do not support the judgment entered therein; (3) that the court erred in permitting defendants' exhibit No. 3, a letter written by plaintiff to defendants, to be admitted in evidence.

The district court found that although the official records in the office of the Rosebud County Clerk and Recorder indicated that the Northern Pacific Railway Company was the owner of said land the railway company appeared by pleading and disclaimed any interest in the land. The court went on to find:

"That W. G. Atwell and G. W. Blanchard had purchased said land from the Northern Pacific Railway Company and never recorded their deed with the County Clerk and Recorder, and that said defendants had paid the taxes on said property until 1954; and that said defendants are now deceased.

"That plaintiff paid the delinquent taxes for the years 1954

through the first one-half of 1965 and received a Certificate of Assignment of delinquent taxes from Rosebud County on August 14, 1957.

"That C. J. Blanchard, as executrix of the estate of G. W. Blanchard, paid the taxes for the last one-half of the year 1965 and for all of the years 1966 and 1967.

"That the plaintiff, more than 15 years ago, enclosed a pasture of approximately 29 sections of land with a woven wire fence, 32 inches in height with two strands of barbed wire above the woven wire, making the total height of said fence 36 inches, and that said fence is a good and sufficient fence.

"That plaintiff has grazed said Section 15 every year for a period in excess of 15 years and has not paid rental or entered into a written lease for said use with anyone.

"That said pasture consists of land owned by the plaintiff and land owned by others and that said Section 15 is within the exterior boundary of said fence.

"That plaintiff did not apply for or obtain a Tax Deed from Rosebud County Montana for said Section 15.

"That plaintiff is a livestockman of many years and has on prior occasions obtained tax deeds for real property within this state and is well aware of the procedure to obtain, and the legal consequences of, such instrument.

"That plaintiff's secretary in January of 1968 wrote to C. J. Blanchard, as Executrix of the Estate of G. W. Blanchard, to inquire if that defendant desired to sell said Section 15, and that plaintiff's secretary was acting within the scope of her employment when said letter was written.

"That approximately three years ago the plaintiff fenced the north boundary of Section 15 and that said fence is a boundary fence between this section and other land owned by the plaintiff, and that other than this fence the plaintiff has not cultivated or improved said Section 15."

The court then concluded that plaintiff's claim to title under section 93-2509, R.C.M.1947, must fail because he never possessed

color of title; that plaintiff's claim to title under section 93-2511, R.C.M.1947, must fail because the plaintiff did not cultivate, improve or enclose Section 15; and, that there was not sufficient evidence of adverse possession by the plaintiff to entitle him to the land. Thereafter the court held that the defendants were the owners of Section 15, Township 10 North, Range 35 East, M.P.M. and entered judgment for the defendants.

Plaintiff's first two issues for review, set forth earlier in this opinion, are set out in general terms. In his brief plaintiff claims adverse possession was accomplished through 2 statutes, sections 93-2509 and 93-2511, R.C.M.1947.

First, plaintiff asserts that the Certificate of Assignment he received from the Rosebud County Treasurer gave him color of title so as to bring him under section 93-2509, R.C.M. 1947. We cannot agree. In the case of State ex rel. City of Billings v. Osten, 91 Mont. 76, 81, 5 P.2d 562, 565 (1931), this Court decided that when a purchaser takes a Certificate of Assignment from the county ''Title does not vest in the individual purchaser or in the county until the execution and delivery of the deed. Prior to that, he has merely an inchoate or inceptive title; or, to put it another way, the holder of the certificate of sale has a lien which can ripen into title only after the lapse of a definite time and upon compliance with the statutory requisites.'' See also Anderson v. Mace, 99 Mont. 421, 45 P.2d 771 (1935).

The two cases cited above held that a Certificate of Assignment gave the purchaser a lien. Our statute, section 45-101, R.C.M.1947 provides: ''A lien is a charge imposed in some mode other then by a transfer in trust upon specific property, by which it is made security for the performance of an act.'' If the Certificate of Assignment gives the purchaser a lien and a lien is a charge upon property making the property security for the charge, we fail to see how the certificate can also be color of title.

Second, the plaintiff contends that if he did not have color of title so as to come under the ambit of section 93-2509, then he alternatively claims that title was gained to the property by adverse possession under section 93-2511. If we first answer plaintiff's third issue for review it becomes clear that adverse possession was not established under section 93-2511 and we need not discuss whether the section of land involved was legally enclosed. However, we agree with the conclusions of the trial judge.

Plaintiff's third issue concerns the introduction into evidence of defendant's exhibit No. 3, a letter dated January 4, 1968, addressed to Carolyn Blanchard, the executrix of the G. W. Blanchard estate, on plaintiff's stationery and under plaintiff's signature. The responsibility line or identity line at the bottom of the page contained the initials ''WM/of''. Testimony at the trial indicated that the responsibility line identifies the person who dictated the letter as well as the person who typed it.

The pertinent portions of the letter are as follows:

''We are in the process of disposing of our land and we find that you have section 15-10N-35E in Rosebud County, Montana, wherein we own adjoining land in that area.

''If you will set a price on this land, with or without the oil rights, we would try to dispose of it for you with our holdings.''

The plaintiff, relying on the cases of Continental Oil Co. v. Bell, 94 Mont. 123, 21 P.2d 65 (1933) and Rachou v. McQuitty, 125 Mont. 1, 229 P.2d 965, asserts that the letter was an offer to compromise a dispute and, as such, should not have been admitted. There was no offer of proof by the plaintiff during trial that there was a dispute at the time the letter was written or that the letter constituted negotiation to settle such dispute. The only statement to the effect that there was a pending dispute at the time the letter was written was an unsworn statement by plaintiff's counsel at trial that the

letter "purports to be negotiations prior to a lawsuit". That comment was contained in one of the objections lodged by plaintiff's counsel to the admission of the exhibit. In *view* of the circumstances we can find no error in the admission of the letter.

The law of this state is that: "The question of adverse possession is one of intention. The intention must be discovered from all the circumstances of the case". Lamme v. Dodson, 4 Mont. 560, 591, 2 P. 298, 303 (1883); Stetson v. Youngquist, 76 Mont. 600, 248 P. 196, 198 (1926). Looking at the letter in connection with the law as just stated, we feel that the plaintiff did not, by any of his actions, show the requisite intent to adversely possess. For this reason we hold that plaintiff-appellant does not adversely possess the land under section 93-2511, R.C.M.1947.

The judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES HASWELL, JOHN C. HARRISON and CASTLES, concur.