DIAMOND INVESTMENT CO., a UTAH CORPORATION, PLAIN-
TIFF AND RESPONDENT, *v.* WILLIAM N. GEAGAN ET AL., AP-
PELLANTS AND DEFENDANTS.

No. 11682.
Decided Nov. 4, 1969.
460 P.2d 760.

William N. Geagan, argued, Butte, for appellants.

Thomas F. Joyce, argued, Butte, for respondent.

PER CURIAM.

Appeal by defendants William N. Geagan and Agnes F. Geagan from the denial of their motion to set aside a default decree duly entered in a quiet title action.

The facts are: plaintiff, Diamond Investment Company, a Utah corporation, commenced a quiet title action in the district court of Silver Bow County; several parties were joined, including the appealing defendants; none of the defendants appeared within the time allowed by law; their defaults were entered; the district court entered a decree quieting title to the property in the plaintiff.

The Geagans were personally served and following entry of the decree they moved to set it aside on the ground of excusable neglect. Plaintiff conceded the neglect was excusable, but resisted setting aside the decree because Geagans had no defense to the action.

Plaintiff's title is derived from a deed dated April 13, 1955, recorded June 2, 1958. Admittedly the original owners of the property executed two deeds, one to the plaintiff and the other to O. J. Magill, a corporation. This corporation was also a defendant, was served, did not contest the ownership of the plaintiff, and the decree was entered against it.

The Geagans had taken a tax assignment on January 27, 1965, by paying delinquent taxes to the county. Plaintiff redeemed the property from the tax sale on November 30, 1965; the county treasurer notified the Geagans of the redemption but they refused to accept the money, contending plaintiff had no right to redeem. Following institution of this action, on August 6, 1968, Geagans took a second tax assignment and plaintiff redeemed from this tax sale on September 20, 1968.

With their motion the Geagans tendered a proposed answer containing a general denial, counterclaim and crossclaim. The gist of their defense was that O. J. Magill rather than plain-

tiff was the true owner of the property and that only Magill could redeem the tax assignment.

Plaintiff's position is that the Geagans have no right to challenge its title to the property; that they redeemed from the tax sales and certificate of redemption was issued; that all the Geagans are entitled to is the money they paid, with interest; that the county treasurer holds this money now for their benefit; and, that the Geagans are, therefore, complete strangers to the title.

■■ Geagans must rely on the strength of their own title, not on the weakness of plaintiff's. Johnson v. Silver Bow County, 151 Mont. 283, 443 P.2d 6; Borgeson v. Tubb, 54 Mont. 557, 172 P. 326; Russell v. Texas Company (9th Cir. Mont.), 238 F.2d 636; Smith v. Whitney, 105 Mont. 523, 74 P.2d 450; Helland v. Custer County, 127 Mont. 23, 256 P.2d 1085. Geagans have no title, not even color of title. See Magelssen v. Atwell, Mont., 451 P.2d 103.

Before the enactment of Rule 60(b), M.R.Civ.P., this Court held that before a default judgment could be set aside for excusable neglect the movant must show a good defense on the merits. Delaney v. Cook, 59 Mont. 92, 195 P. 833; Eder v. Bereolos, 63 Mont. 363, 207 P. 471.

In Uffleman v. Labbitt, 152 Mont. 238, 448 P.2d 690, we held that the enactment of Rule 60(b) did not change our prior rule and the same showing is still required under our new rule.

The district court correctly ruled that Geagans had no defense to plaintiff's action by denying their motion.

The order is affirmed.