No. 12866

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

ROBERT A. ALDEN,

                Plaintiff and Appellant,

-vs-

EDWARD JOHNSON, et al.,

                Defendants and Respondents.

---

Appeal from: District Court of the Second Judicial District,
             Honorable John B. McClernan, Judge presiding.

Counsel of Record:

    For Appellant:

        John Leslie Hammer argued, Butte, Montana

    For Respondents:

        Mark P. Sullivan argued, Butte, Montana

---

                Submitted: April 7, 1975

                Decided: MAY 13 1975

Filed: MAY 13 1975

*Thomas J. Kearney*
                     Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal from a summary judgment for defendants by the district court, Silver Bow County, the Hon. John B. McClernan, presiding. The complaint alleged that a tax deed issued to defendants Johnson had been improperly granted, and prayed that a tax deed be issued to plaintiff and title quieted in him.

The district court had these facts before it. In 1958, defendants Johnson began paying delinquent taxes on certain vacant lots adjoining property they occupied in Butte, Montana. The owner of record of those lots was Robert H. Curtis, who was named a defendant in this action but did not appear. Johnsons received assignments of tax certificates for the years 1951 through 1968. In 1972 they initiated the procedures required for securing a tax deed by filing notice of application for that deed. Following the statutory waiting period, Johnsons applied for and received a tax deed.

Plaintiff Robert R. Alden's predecessor in interest paid the delinquent taxes for the years 1969 through 1971 and the certificate received therefor was subsequently assigned to Alden. After Johnson had filed notice of application for a tax deed, Alden tendered redemption of Johnsons' interest by presenting the appropriate sum to the county treasurer. The treasurer refused to issue a redemption certificate to Alden and the tax deed subsequently was issued to Johnsons. Alden then brought this action and is now appealing from the adverse ruling in the district court.

A single issue controls this appeal: Does Alden have an interest sufficient to support his quiet title action?

In his appellate brief, Alden asserts:

"While it is recognized by Appellant that he could have pursued a course of mandate as to his attempted redemption and application for tax deed; he has relied on his title purchased from the Curtis Heirs and the Interloqutory [sic] Decree giving him 'color of title'

in order to challange [sic] Respondents' invalid
tax deed based on a defective affidavit."

Alden's reliance is misplaced.

The title allegedly purchased from the Curtis heirs was
transferred on April 24, 1973, approximately two weeks after this
action was filed. This Court in Brown v. Cartwright, 163 Mont.
139, 515 P.2d 684, 30 St.Rep. 966, 976, held:

> "* * * the filing of a quiet title action
> freezes the respective rights of the parties
> at the time of commencement of the action.
> * * *."

Thus Alden's position could not be improved by events occurring
after the action was filed.

The "interlocutory decree" to which he refers is a default
judgment entered against those named defendants who failed to
answer the complaint or to appear in this action. We find no
authority, and Alden cites none, which holds that title or color
of title arises from a default judgment against all persons other
than the holder of a tax deed to the property in question.

Finally, Alden has not applied for nor received a tax
deed in accordance with the requirements of section 84-4151, R.C.M.
1947. Thus the only interest in the property which Alden may
claim is that which is conferred by the assignments of tax sale
certificates.

The mere assignment of tax sale certificates confers no
title or color of title. Diamond Inv. Co. v. Geagan, 154 Mont.
122, 460 P.2d 760; Magelssen v. Atwell, 152 Mont. 409, 451 P.2d 103.
The absence of any title in the plaintiff is fatal to his challenge
to the validity of a tax deed. This Court in Smith v. Whitney, 105
Mont. 523, 529, 74 P.2d 450, stated:

> "* * * no person may question the validity of a
> tax sale or deed unless he can first show that he,
> or those under whom he claims, had some title to
> the property at the time of the sale."

The mere possession of an assignment of a tax sale certificate is
insufficient to support a quiet title action. Johnson v. Silver
Bow County, 151 Mont. 283, 443 P.2d 6.

- 3 -

Even if we were to find some right in Alden to bring this claim, we would be compelled to decide the merits on the strength of Alden's title, not on alleged weaknesses in the Johnsons'. McAlpin v. Smith, 123 Mont. 391, 213 P.2d 602; Ross v. First Trust & Savings Bank, 123 Mont. 81, 208 P.2d 490. Alden simply has no title to quiet.

The principal case relied upon by Alden in his appeal is State ex rel. Burkhartsmeyer Brothers v. McCormick, 162 Mont. 234, 510 P.2d 266, which involved a mandamus action. Our holding there does not consider the controlling issue here involved.

Nor will we again discuss the legal considerations surrounding the law of summary judgments under Rule 56, M.R.Civ.P. Those considerations have been set out in State ex rel. City Motor Co., Inc. v. Dist. Court, ____Mont. _____, 530 P.2d 486, 32 St. Rep. 34.

The judgment of the district court is affirmed.

_____
                    Justice

We Concur:

_____

_____

_____
Justices.

_____
Hon. E. Gardner Brownlee, District
Judge, sitting for Chief Justice
James T. Harrison.

- 4 -