Janece WILSON, Plaintiff-Appellant,

v.

WHEELER FARMS, INC., a corporation,
and Wilbur Wheeler,
Defendants-Respondents.

No. 11032.

Missouri Court of Appeals,
Southern District,
Division Three.

Dec. 4, 1979.

William F. Ringer, Powell, Ringer &
Ringer, Dexter, for plaintiff-appellant.

Joe Welborn, Briney, Welborn & Spain,
Bloomfield, for defendants-respondents.

PREWITT, Judge.

Plaintiff appeals from a judgment denying her request to quiet title in her to a tract of land approximately 35 × 350 feet in Grayridge, Missouri.

The land in question was included in the legal description of a deed dated July 13, 1957 from Ellen Wilson to the Reorganized School District No. 1 of Stoddard County, Missouri. Plaintiff and her now deceased husband acquired record title to a tract of land adjoining the disputed portion by deed dated August 3, 1957 also from Ellen Wilson. Shortly before the deed to the school district was made, the superintendent of school and a school board member made certain measurements of a portion of the land described in the deed. They measured south from existing school property. Exactly what measurements were made and their purpose is not clear from the evidence. A school employee who was with them cut a ditch at the south edge of the measurements. The ditch is approximately 35 feet north of the south line of the property as described in the deed to the school district. Plaintiff's evidence indicates the ditch went completely across the property, but Wilbur Wheeler testified it went halfway through the property. The school district used the property north of the ditch for a parking lot. The land south of the ditch, which is the disputed property, was not used for parking or improved by the school district. It was mowed by or for plaintiff and her husband since they acquired title to the adjoining property. After the school was closed, the school district in 1975 advertised and sold the property described in its deed to another who sold it to defendant Wheeler Farms, Inc. in 1976. In September of 1976, after a survey, Mr. Wheeler erected posts 32 or 33 feet south of the ditch. Plaintiff then brought this action. The trial court, sitting without a jury, found that defendant Wheeler Farms, Inc. was the owner of the property and denied plaintiff's claim to it. No findings of fact were requested or made.

Plaintiff contends that the trial court's determination was erroneous for two reasons. These are: 1. "[B]ecause . . . when one party, with a view of making a deed, . . . makes a physical survey of said land, giving it a boundary which is actually run and marked, and the deed is thereupon made, intending to convey the land which has been surveyed, such land that has been marked and surveyed will pass, though a different and erroneous description may appear on the face of the deed." 2. That the school district had abandoned the public use of the land and plaintiff acquired title to it through adverse possession.

Our review of this case is to sustain the trial court's determination unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). As no findings of fact were requested or made, we presume that all facts were found in accordance with the result reached and affirm the trial judge if the judgment can be upheld upon any reasonable theory. *Roth v. Roth*, 571 S.W.2d 659, 664 (Mo.App.1978).

We first consider plaintiff's point I. Plaintiff admits that ordinarily the language in a deed will determine the property conveyed. However, plaintiff contends that an exception to this rule exists where a physical survey of the land has been made and the boundaries marked and the parties intended to convey the land as marked but the deed contained an erroneous description. Plaintiff cites 26 C.J.S. Deeds § 100a., p. 869 and *Clarke v. Aldridge*, 162 N.C. 326, 78 S.E. 216 (1913). The rule stated by those authorities requires that the parties to the deed mark the property and intend to convey the property marked rather than the land described in the deed. The evidence here does not disclose that to have occurred. There was no evidence as to any conduct of Ellen Wilson regarding the measurements. She was not present at the time the measurements were made and there is no indication that she even knew of them. The evidence does not show that the measure-

ments were authorized by the school district nor that they were made for the purpose of establishing boundaries. The ditch was not necessarily placed on the land as a boundary marker. It could have been placed for other purposes. There was some evidence that it did help drain the land. There was also evidence that a house which had been located on the conveyed property was moved, apparently by or for Ellen Wilson, more than 35 feet south of the ditch. There was no evidence that the parties to the deed intended to convey any property other than that described.

After stating the exception upon which plaintiff relies, 26 C.J.S. Deeds § 100a. at 869 proceeds to say: "However, the exception is to be applied with caution; all the requirements necessary to bring the case within the exception must be met before it will be held applicable." The evidence here does not show all the necessary requirements and thus plaintiff has not proven any exception to the rule that the property described in a deed will control in determining the property conveyed. Point I is ruled against plaintiff.

We now consider plaintiff's remaining point. Plaintiff admits that school property is included in the statute excepting public lands from the statute of limitations, § 516.090, RSMo 1969, but claims that property may be abandoned so that the statute of limitations will apply. Plaintiff contends that as the school district never used the property, it in effect abandoned it, and that the evidence established title by adverse possession in plaintiff. As plaintiff is claiming abandonment, she has the burden of proof to show it. *Russell v. Allen,* 496 S.W.2d 290, 294 (Mo.App.1973). The question of abandonment is largely one of intention. Id. 496 S.W.2d at 294. An intention to abandon must be proved, for there can be no abandonment without the intention to abandon. *Cole County v. Board of Trustees of Jefferson City Free Library District,* 545 S.W.2d 422, 425 (Mo. App.1976). Such an intention may be inferred only from strong and convincing evidence. Id. 545 S.W.2d at 425. The only

evidence of any intention to abandon the property is that the school district never used it. Mere nonuse does not constitute abandonment. *Russell v. Allen,* supra, 496 S.W.2d at 294. As nonuse of the property was the only evidence of any intention to abandon it, and that alone is not sufficient proof, plaintiff has failed to prove abandonment. Point II is ruled against plaintiff.

The judgment is affirmed.

All concur.