**Bill HERRON, Appellant,**

**v.**

**Bobby WHITESIDE, et al.,**
**Respondents.**

**No. WD 41876.**

Missouri Court of Appeals,
Western District.

Nov. 21, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 2, 1990.

Bill Herron, Jefferson City, pro se.

William L. Webster, Atty. Gen., Kevin M.J. Crane, Asst. Atty. Gen., Jefferson City, for respondents.

Before BERREY, J., Presiding, and TURNAGE and ULRICH, JJ.

PER CURIAM:

Bill Herron, an inmate at the Missouri State Penitentiary, appeals summary judgment in favor of the named prison employees. The judgment is affirmed.

In a pleading captioned "Petition for Breach of Duty," Mr. Herron alleged that seven named prison employees negligently or intentionally failed to safeguard his personal property left in his cell when he appeared in court outside the prison on December 16, 1985. He escaped. Mr. Herron alleges that in his absence prison employees gave away his property or allowed other inmates to remove it from his cell, and the property was not returned to him. He sought $6,561.68 in compensatory damages and $5,000 in punitive damages.

One year after Mr. Herron filed the petition and after extensive discovery, the defendants moved for summary judgment asserting that Mr. Herron abandoned his property when he escaped on December 16, 1985. Mr. Herron was charged with the crime of escape and armed criminal action.

In support of the motion, the prison employees submitted the transcript of Mr. Herron's criminal jury trial which ended in his conviction of both charges.

The criminal trial transcript reveals the following pertinent facts: On December 16, 1985, Mr. Herron was taken in restraints from the penitentiary in Jefferson City to Columbia for a scheduled court appearance. After Mr. Herron completed his business with the court, a prison officer escorted him to an awaiting state vehicle outside the court house. As the officer was attempting to place Mr. Herron in the vehicle, Mr. Herron hesitated. At that moment, Rory Nitcher, a former cell mate of Mr. Herron, jumped from behind a car wielding a sawed-off shotgun, pointed the weapon at the officer, and ordered the officer not to move. Mr. Herron got into a light blue car and was soon joined by Mr. Nitcher who drove away. Later that day the police arrested Mr. Nitcher in the lobby of a Columbia hotel and learned that Mr. Herron was barricaded in a room at that hotel. After lengthy negotiations, the police recaptured Mr. Herron. The police found a sawed-off shotgun, ammunition, various tools including a bolt cutter, broken prison restraints, cans of hair dye, and makeup in Mr. Herron's hotel room when he was apprehended.

In suggestions in opposition to the motion for summary judgment, Mr. Herron admitted his escape but denied any intent to abandon or relinquish ownership of his personal property. Mr. Herron stated in his affidavit filed in support of his opposing suggestions that when he escaped he knew that he would eventually be apprehended and returned to the prison.

After a hearing at which both sides presented oral argument, the trial court granted summary judgment in favor of the defendant prison employees. The court concluded in its findings that "by escaping and failing to return of his own free will, plaintiff abandoned the personal property in his cell and forsook any right to expect defendants to safeguard such property against his possible but uncertain return."

In an untimely motion for new trial and a motion pursuant to Rule 74.06(b), Mr. Her-

ron sought to set aside the summary judgment on other grounds. He contended that his escape was motivated by fear for his own safety at the penitentiary. Overruling that motion following a hearing, the trial court found that Mr. Herron failed to make the requisite showing of mistake, inadvertence, surprise, excusable neglect, fraud, misrepresentation, misconduct, or irregularity to warrant relief under Rule 74.06(b).

Mr. Herron argues that summary judgment was inappropriately granted because genuine issues of material fact exist regarding the circumstances of his escape. Contending lack of any intent to abandon the personal property left in his prison cell, he maintains that at the time of his escape he knew that he would be recaptured and that he fled out of fear for his own safety.

■ Mr. Herron's asserted claim that fear motivated his escape was not properly presented to the trial court. He advanced no theory of justification during the criminal proceedings nor during the civil proceedings before the granting of summary judgment. The record demonstrates that Mr. Herron had ample opportunity to engage in discovery, submit written motions and suggestions, and to participate in hearings. The trial court's denial of relief under Rule 74.06(b) was not an abuse of discretion.

This case presents issues concerning the abandonment of personal property. Because summary judgment was utilized, resolution of those issues necessitates reference to the procedural law of summary judgment and to the substantive law of abandonment.

■ Summary judgment must be sustained if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 74.04(c). It is no longer necessary for the movant to show entitlement to summary judgment by unassailable proof. *Hayes v. Hatfield*, 758 S.W.2d 470, 472 (Mo.App. 1988). "There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party ... If the evidence is merely colorable ... or is not significantly

probative ... summary judgment may be granted." *American Bank of Princeton v. Stiles*, 731 S.W.2d 332, 338 (Mo.App. 1987) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Summary judgment is an appropriate vehicle for assertion of an affirmative defense entitling a party to judgment as a matter of law. *Kennon v. Citizens Mutual Insurance Co.*, 666 S.W.2d 782, 784 (Mo.App.1984).

■ Abandonment is the voluntary relinquishment of ownership so that the property ceases to be the property of any person and becomes the subject of appropriation by the first taker. *Wirth v. Heavey*, 508 S.W.2d 263, 267 (Mo.App.1974). Abandonment of property requires intent plus an act. *Id.* A sufficient act is one that manifests a conscious purpose and intention of the owner of personal property neither to use nor to retake the property into his possession. *Id.* Intention to abandon may be inferred from strong and convincing evidence and may be shown by conduct clearly inconsistent with any intention to retain and continue the use or ownership of the property. *Wilson v. Wheeler Farms, Inc.*, 591 S.W.2d 287, 289 (Mo.App.1979); *Wirth*, 508 S.W.2d at 267; *see Russell v. Allen*, 496 S.W.2d 290, 294 (Mo.App.1973). The reasons for abandoning property and the motives inducing the abandonment are not an element or factor thereof, and in this sense the abandoning owner's intentions are not material. 1 C.J.S. *Abandonment* § 5 (1985); The abandonment is complete at the moment the intention to abandon and the relinquishment of possession unite. *Id.* at § 4; 1 AM.JUR.2d *Abandoned, Lost, and Unclaimed Property* § 16 (1962). Abandonment may be declared as a matter of law where all the essential facts are admitted or indisputably proved and the inferences to be drawn from them are certain and free from doubt. 1 C.J.S. *supra* § 11; 1 AM.JUR.2d *supra* § 39.

■ Applying the stated principles, Mr. Herron's escape from confinement constitutes, as a matter of law, abandonment of the personal property he left at the penitentiary. The parties admit the fact of Mr. Herron's escape revealed by the criminal

trial transcript. At issue is what inferences can be drawn from that fact. Mr. Herron's admitted escape convincingly implies that, at the moment of his escape, he intended and acted to permanently separate himself from his property. The act of escape is unequivocally inconsistent with any intention to retain ownership of property left at the penitentiary. Within the context of abandonment as a matter of law, Mr. Herron's claim that he expected to be apprehended eventually, even if true, is insufficiently probative to inject a genuine issue of material fact.

 Once proved, as here, abandonment divests the former owner of title to the property so that it becomes as to him as if he had never had any right to interest in it. *Wirth,* 508 S.W.2d at 267. Abandonment of personalty constitutes a complete defense to conversion and likewise to any cause of action in which the plaintiff's ownership is essential. *See Id.* Therefore, the prison employees' proof of abandonment provides a complete defense to Mr. Herron's cause of action against them.

Finding no error, the summary judgment is affirmed.