*1186
 
 OPINION
 

 Per Curiam:
 

 FACTS
 

 Appellant John Wheeler and respondent Ruthann Upton-Wheeler were married on December 21, 1982. The parties have one child, Lindsay Wheeler, born on August 28, 1978. On July 21, 1993, Ruthann filed a complaint for divorce. A trial was held on September 30, 1994. At the trial, photographs of Ruthann depicting numerous bruises allegedly inflicted by John were admitted into evidence over the objection of John’s counsel. The district court indicated that the photographs would be admitted for the limited purpose of determining whether Ruthann’s request for an unequal division of community property should be granted.
 

 A judgment was entered on February 24, 1995, granting joint legal custody of Lindsay to both parties and physical custody of Lindsay to John. Ruthann was granted liberal visitation rights. The court further ordered that Ruthann’s child support obligation would be $436 per month, payable until Lindsay turned eighteen in two years. The parties’ residence was awarded to John, with John paying Ruthann $18,500 for her fifty-percent portion of the net equity in the house. John was ordered to pay Ruthann $10,000 by November 15, 1994. Regarding the remaining
 
 *1187
 
 $8,500, the court stated that “[Ruthann] shall additionally receive credit from [John] in an amount equivalent to [Ruthann’s] obligation to pay child support determined at the rate of $436.00 per month which would otherwise have been paid until the parties’ child emancipates.” The district court further stated:
 

 The Court finds that a compelling reason exists to make an unequal disposition of the community property. The Court bases this finding on a review of the evidence and finds that an abusive relationship existed between the parties in which the Plaintiff suffered from Defendant’s conduct. Therefore, the Court makes the following division of property ....
 

 As an additional consequence to John for the alleged abuse, the district court determined that whatever child support obligation remained after the $8,500 payment for the house was satisfied, Ruthann would not be required to pay. Thus, Ruthann would pay absolutely no child support.
 

 On March 6, 1995, John filed a proper person motion to set aside the judgment and order a new trial pursuant to NRCP 59 and 60. Ruthann filed an opposition to John’s motion. On April 11, 1995, the district court entered an order denying John’s motion to set aside the judgment and order a new trial. John appeals from the final judgment and the order denying his motion for a new trial.
 

 CHILD SUPPORT
 

 John contends that the district court abused its discretion by not following the mandatory guidelines for a determination of child support. Specifically, John contends that based upon Ruthann’s wage statement, child support should have been awarded at the maximum amount of $500 per month, rather than $436 per month. John further contends that the district court abused its discretion in releasing Ruthann from any support obligation because of alleged fault of John, specifically, his alleged abuse of Ruthann. John argues that this is in clear violation of Nevada statutes.
 

 We conclude that the district court erred in determining that $436 per month was the appropriate amount of child support based on Ruthann’s income. Under NRS 125B.070(1)(b)(1), a parent’s obligation for support for one child is equal to eighteen percent of the parent’s gross monthly income, but not more than $500 per month per child. According to the fourteen-week wage stub admitted at the trial, Ruthann’s monthly income from the MGM Grand was $5,419. Ruthann testified, however, that the wage stub was not an accurate reflection of her income because
 
 *1188
 
 Barbara Streisand had appeared at the MGM Grand during that period, and, therefore, Ruthann’s tips were higher than normal. Ruthann testified that her weekly income was actually between $600 and $700. Based on this testimony, Ruthann’s monthly income was $2600 ($600 x 52 weeks/12 months) to $3033 ($700 x 52 weeks/12 months). Even using the lower estimation of $2600, Ruthann’s monthly child support obligation should have been $468 (18 % of $2600). The district court did not provide any basis for its calculation and did not set forth findings of fact to justify a deviation from the statutory amount.
 
 See
 
 NRS 125B.080(6)(a). Accordingly, the district court erred in calculating child support at a lower amount than that amount which was supported by Ruthann’s own testimony.
 

 The district court further erred in releasing Ruthann from any support obligation because of John’s alleged abuse. NRS 125B.080(4) states that “the minimum amount of support that may be awarded by a court in any case is $100 per month per child, unless the court makes a written finding that the obligor is unable to pay the minimum amount.” NRS 125B.080(9) provides a number of factors which the court may consider when adjusting the amount of child support, but does not include one parent’s physical abuse of the other parent. The child support portion of the district court judgment in this case states as follows:
 

 The Court finds that based upon Plaintiff’s income, child support pursuant to the statutory formula would be approximately $436.00 per month, payable until the child is emancipated. However, Plaintiff is released from this obligation as part of the unequal distribution of property justified by the Defendant’s abusive conduct towards Plaintiff.
 

 The district court did not cite an appropriate reason to deviate from the mandatory child support guidelines.
 

 Even if a legitimate compelling reason existed to support an unequal distribution of property, such unequal distribution could not be accomplished by reducing or eliminating Ruthann’s obligation to pay child support. In Westgate v. Westgate, 110 Nev. 1377, 887 P.2d 737 (1994), the district court reduced the father’s child support obligation in half to penalize the mother for violating the father’s visitation rights. We determined that the district court erred in reducing the father’s child support obligation because NRS 125B.080 does not list punishment for failure to comply with a visitation agreement as a reason to reduce child support.
 
 Id.
 
 at 1380, 887 P.2d at 739.
 

 Similarly, in the case at hand, the district court did not simply
 
 *1189
 
 reduce, but completely eliminated Ruthann’s child support obligation because John allegedly abused Ruthann. NRS 125B.080 does not list punishment for alleged abuse of a spouse as a reason to decrease the child support obligation of the abused spouse. Additionally, by completely releasing Ruthann from any child support obligation, the district court violated NRS 125B.080(4), which requires that child support be awarded at a minimum of $100 per month per child, unless the court finds that the obligor is unable to pay the minimum amount. The district court did not cite any reason, other than the alleged abuse, for releasing Ruthann from her child support obligation. Consequently, the district court erred in releasing Ruthann from her obligation.
 

 John further contends that the district court erred in denying his motion for a new trial on this issue. “The decision to grant or deny a motion for a new trial rests within the sound discretion of the trial court and will not be disturbed on appeal absent palpable abuse.” Pappas v. State, Dep’t Transp., 104 Nev. 572, 574, 763 P.2d 348, 349 (1988). We conclude that, although the district court erred in calculating the amount of child support to be awarded, a new trial is not warranted. Accordingly, the district court did not abuse its discretion in denying John’s motion for a new trial on this issue. We remand this issue to the district court for a determination, based on the evidence presented at trial, of the appropriate amount of child support to be awarded pursuant to the mandatory child support guidelines.
 

 UNEQUAL DISTRIBUTION OF COMMUNITY PROPERTY
 

 John contends that the district court violated NRS 125.150 by making an unequal distribution of community property based on its assessment that John had physically abused Ruthann during the course of their marriage. NRS 125.150(l)(b) provides that:
 

 In granting a divorce, the court:
 

 (b) Shall, to the extent practicable, make an equal disposition of the community property of the parties, except that the court may make an unequal disposition of the community property in such proportions as it deems just if the court finds a
 
 compelling reason
 
 to do so and sets forth in writing the reasons for making the unequal disposition.
 

 (Emphasis added.) Thus, the issue in this case is whether spousal abuse constitutes a “compelling reason” to make an unequal distribution of property.
 

 In 1993, the legislature amended NRS 125.150(1)(b) to provide for an equal division of community property, rather than an equitable division.
 
 See
 
 1993 Nev. Stat., ch. 135, § 1, at 240. It
 
 *1190
 
 appears that in amending NRS 125.150(1)(b), the legislature wanted to ensure that Nevada would remain a no-fault divorce state. Prior to the amendment, the district court could consider the “respective merits of the parties” in making a “just and equitable” disposition of the parties’ community property. In amending NRS 125.150(1)(b), the legislature provided that the district court shall make an equal disposition of the community property, unless the court finds a “compelling reason” to make an unequal division. The legislature, however, did not define the “compelling reasons” exception to equal division. The legislature did determine that in divorce proceedings, testimony regarding the relative faults of the parties could have an adverse effect on the children and could increase the expense of litigation. Hearing on A.B. 247 Before the Senate Committee on Judiciary, 67th Leg. (Nev., May 10, 1993, and April 30, 1993).
 

 Accordingly, we conclude that, except for a consideration of the economic consequences of spousal abuse or marital misconduct, evidence of spousal abuse or marital misconduct does not provide a compelling reason under NRS 125.150(1)(b) for making an unequal disposition of community property. If spousal abuse or marital misconduct of one party has had an adverse economic impact on the other party, it may be considered by the district court in determining whether an unequal division of community property is warranted.
 

 Consequently, to the extent that it relied on evidence of spousal abuse as it related to the respective merits of the parties, rather than whether the abuse had an economic impact, the district court erred in making an unequal division of property. We therefore remand this issue to the district court for a determination, based on the evidence presented at trial, of whether spousal abuse had an adverse economic impact on Ruthann which would warrant an unequal distribution of the community property. We conclude that no new evidence is necessary for a determination of this issue and that a new trial on this issue is not warranted. Accordingly, the district court did not abuse its discretion in denying John’s motion for a new trial on this issue.
 
 See Pappas,
 
 104 Nev. at 574, 763 P.2d at 349.
 

 CONCLUSION
 

 The district court erred in calculating the amount of child support to be awarded and in relying on evidence of spousal abuse in the determination of child support. Further, to the extent that it relied on evidence of spousal abuse as it relates to the
 
 *1191
 
 respective merits of the parties, rather than whether the abuse has had an economic impact, the district court erred in making an unequal division of property. Accordingly, we reverse the district court’s judgment and remand for further proceedings consistent with this opinion.
 
 [1]
 

 [1]
 

 We have considered John’s remaining contentions and conclude that they are without merit. Although appellant has not been granted permission to file documents in this matter in proper person,
 
 see
 
 NRAP 46(b), we have received and considered appellant’s proper person documents. We deny appellant’s motion to proceed in proper person. We further deny appellant’s motion to supplement the record and for sanctions.
 

 The Honorable A. William Maupin, Justice, did not participate in the decision of this appeal.