JUSTICE TRIEWEILER
delivered the opinion of the Court.
¶ 1 The Plaintiff, Sherman Hawkins, brought this action in the District Court for the Third Judicial District in Powell County to recover the value of his personal property from the Defendants. The District Court granted the Defendants’ motion to dismiss Hawkins’ complaint for failure to state a claim upon which relief could be granted, pursuant to Rule 12(b)(6), M.R.Civ.P. Hawkins appeals from the District Court’s Order dismissing his complaint. We reverse and remand.
*100 ¶2 The sole issue on appeal is whether the District Court erred by dismissing Hawkins’ complaint for failure to state a claim upon which relief could be granted.
FACTUAL BACKGROUND
¶3 Hawkins is an inmate at Montana State Prison in Deer Lodge, Montana. On July 12,1997, Hawkins escaped from the prison. Immediately following his escape, Montana State Prison officials packed up Hawkins’ personal property, sealed it with security tape, placed Hawkins name on each box and removed the boxes from his cell. Hawkins’ personal property was placed in the Montana State Prison storage room on July 12,1997.
¶4 On July 14,1997, two days after Hawkins escaped, Hawkins was apprehended and returned to the prison. Upon his return, prison officials placed Hawkins in administrative segregation in the maximum security unit. On July 20, 1997, Hawkins was found guilty of escape following a Department of Corrections disciplinary hearing. He received the following sanctions: ten days in disciplinary segregation, loss of good-time, and a recommendation for reclassification to the maximum security unit. The disciplinary hearings officer did not order Hawkins’ personal property destroyed. During the next 30 days Hawkins requested the return of his personal property several times.
¶5 In September 1997 prison officials escorted Hawkins to the storage room and allowed Hawkins to remove all of his legal papers and legal materials from the boxes of his personal property. Prison officials informed Hawkins that, by policy, when an inmate escapes, all of his property is considered abandoned and is subsequently destroyed. Prison officials then informed Hawkins that his remaining personal property would either be destroyed or sold. Hawkins’ remaining property included: a television, stereo, word processor, eyeglasses and books. Hawkins estimated that the approximate value of his personal property was $2290. Sometime after September 1997, prison officials destroyed or sold Hawkins’ remaining personal property.
¶6 Hawkins subsequently filed this action against five Montana State Prison officials and the State of Montana and alleged that the individual Defendants destroyed his property without affording him due process of law, that he had formed a gratuitous bailment which the Defendants violated, and that the destruction of his property constituted the infliction of cruel and unusual punishment. Defendants filed a motion to dismiss Hawkins’ complaint for failure to state a claim upon which relief could be granted pursuant to Rule 12(b)(6), *101 M.R.Civ.P. On February 2, 1999, the District Court granted the Defendants’ motion to dismiss. The District Court concluded that Hawkins had abandoned his property by his escape and that the abandonment constituted a complete defense to any action brought by Hawkins which depended on his ownership of the property.
STANDARD OF REVIEW
¶7 The District Court dismissed Hawkins’ claim pursuant to Rule 12(b)(6), M.R.Civ.P, based on its conclusion that the complaint failed to state a claim for which relief could be granted. A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See Trankel v. State of Montana (1997), 282 Mont. 348, 350, 938 P.2d 614, 616 (citation omitted). In Lockwood v. W.R. Grace & Co. (1995), 272 Mont. 202, 207, 900 P.2d 314, 317 we stated:
A motion to dismiss under Rule 12(b)(6), M.R.Civ.R, has the effect of admitting all well-pleaded allegations in the complaint. In considering the motion, the complaint is construed in the light most favorable to the plaintiff, and all allegations of fact contained therein are taken as true.
The determination that a complaint fails to state a claim upon which relief can be granted is a conclusion of law. Trankel, 282 Mont. at 351, 938 P.2d at 616. We review a district court’s conclusions of law to determine whether the court’s interpretation of the law is correct. Trankel, 282 Mont. at 351, 938 P.2d at 616.
DISCUSSION
¶8 Did the District Court err by dismissing Hawkins’ claim for failure to state a claim upon which relief could be granted?
¶9 Hawkins contends that the District Court erred in finding that, when he escaped from the Montana State Prison, he abandoned his personal property which he kept in his cell. Hawkins asserts that because he was returned to the prison within two days, and the Defendants had his personal property in the prison storage room, the Defendants should have returned the property to him when he requested it.
¶ 10 The Defendants respond that Hawkins abandoned his property when he escaped from prison and as a result of his abandonment, the Montana State Prison.became the owner of the property “to do with it as it pleased.” Defendants contend that Hawkins’ escape evidenced *102 his intent to terminate his ownership of the property, stating: “Hawkins, therefore, had a choice. He could keep his rights to his property or he could escape. The choices are mutually exclusive; he could not accomplish both.”
¶11 The District Court found that the Montana Uniform Unclaimed Property Act, §§ 70-9- 801, et seq., MCA, does not apply to Hawkins’ personal property, because the Act only applies to intangible personal property and the contents of a safekeeping depository. Thus, the District Court relied on a 1989 Missouri Court of Appeals decision, Herron v. Whiteside (1989), 782 S.W.2d 414, to conclude that Hawkins had abandoned his property. In Herron, the Missouri Court of Appeals held that a prisoner’s escape from confinement constitutes, as a matter of law, abandonment of the personal property the prisoner left at the prison. Herron, 782 S.W.2d at 416. In that case, during Herron’s one day escape, prison officials allowed prison employees to give away his property and allowed other inmates to take Herron’s property from his cell. Herron, 782 S.W.2d at 415.
¶12 We agree with the District Court that Montana’s Uniform Unclaimed Property Act does not apply to the property at issue in this case. However, we conclude that the case relied upon by the District Court, Herron v. Whiteside (1989), 782 S.W.2d 414, is factually distinguishable from this case. In Herron, the prison employees and inmates ransacked Herron’s cell after he escaped and appropriated Herron’s property for themselves. The state did not take Herron’s personal property into protective custody after his escape. Whereas, in this case, after Hawkins escaped from the prison, the Defendants removed Hawkins’ personal property from his cell, placed his possessions in boxes with Hawkins’ name on them and then placed the boxes in the prison storage room. After Hawkins returned to the prison, he asked about his personal property and asked that it be returned to him.
¶ 13 With regard to a former owner’s rights to abandoned property, it has been stated that:
Personal property, upon being abandoned, ceases to be the property of any person, unless and until it is reduced to possession with the intent to acquire title to, or ownership of, it. Such property may, accordingly, be appropriated by anyone, if it has not been reclaimed by the former owner, and ownership of it vests by operation of law, in the person first lawfully appropriating it and reducing it to pos *103 session with the intention to become its owner, provided such taking is fair.
1 C.J.S. Abandonment § 12 (1985) (emphasis added). In Gregg v. Caldwell-Guadalupe Pick-up Stations (1926), 286 S.W. 1083, 1084, the Texas court stated: “[ajbandoned property is no man’s property until reduced to possession with intent to acquire title.” We find the phrase “intent to acquire title” in the context of abandonment to be similar to the phrase “intent to acquire title” in the context of adverse possession. We have stated that the question of adverse possession is one of intention. Magelssen v. Atwell (1969), 152 Mont. 409, 414, 451 P.2d 103, 105. The intention must be discovered from all the circumstances of the case. Magelssen, 152 Mont. at 414, 451 P.2d at 105.
¶14 The importance of and methods of proving intent were discussed in Conway v. Fabian (1939), 108 Mont. 287, 89 P.2d 1022. There we defined an abandonment as:
[TJhe relinquishment of a right; the giving up of something to which one is entitled. In determining whether one has abandoned his property or rights the intention is the first and paramount object inquiry. This intention is ascertained not only from the statements which may have been made by the owner of the property, but also from the acts of the owner ....
Conway, 108 Mont. at 306, 89 P.2d at 1029.
¶15 In this case there is no contention that Hawkins expressed an intention to abandon his property. The intent was presumed or inferred when he left the prison without taking the property with him. A “presumption” is “[a]n inference affirmative or disaffirmative of the truth or falsehood of any proposition or fact drawn by a process of probable reasoning in the absence of actual certainty of its truth or falsehood, or until such certainty can be ascertained.” Black’s Law Dictionary 1349 (4th ed. 1968).
¶16 The intent to abandon property is a requisite element of abandonment. If there is no expressed intent, then the intent may be inferred by the acts of the owner. In Herron, the Missouri court held that a prisoner’s escape convincingly infers the intent to abandon property. Herron, 782 S.W.2d at 417. That court essentially held that intent to abandon property is a conclusive presumption, or an irrebuttable presumption. However, we know of no persuasive reason why such a presumption should be conclusive prior to the time when possession of the property is acquired by someone else with the intent to acquire ownership.
*104 ¶17 It does not appear, based on the facts we assume to be true, that at any point after Hawkins’ escape and before Hawkins’ request for the return of his property, that the Montana State Prison reduced Hawkins’ property to possession with the intent to acquire title to, or ownership of it.
¶18 We conclude that the presumption or inference of intent to abandon one’s property, based solely upon the acts of the owner, is a rebuttable presumption. A “rebuttable presumption” is one “which may be rebutted by evidence.” Black’s Law Dictionary 1432 (4th ed. 1968). Therefore, upon Hawkins’ return to the prison and request for his property prior to it being claimed by anyone else, he effectively rebutted the presumption that he ever intended to abandon his property. Accordingly, when Hawkins reclaimed his property by requesting it be returned to him, Hawkins regained his status as the owner of his personal property against all others.
¶19 We conclude that when Hawkins escaped from prison, there was a rebuttable presumption that he intended to abandon the property that he left behind. However, the Montana State Prison evidenced no intent to acquire title to his property and instead, labeled it with his name and selectively returned some of it to him. When Hawkins was apprehended and returned to the prison, he rebutted the presumption regarding his intent by claiming his property prior to its acquisition by anyone else.
¶20 Contrary to the concerns expressed in the dissenting opinion, nothing in this opinion infers that when Hawkins escaped from prison he intended to return voluntarily or to reclaim any of his personal items. Based on the plain language of this opinion we infer just the opposite from Hawkins’ actions. Nor do we presume, as suggested by the dissent, that Hawkins “did not intend to abandon the items of personal property when he escaped ...” The conclusions plainly set forth in the preceding paragraph establishes the exact opposite presumption.
¶21 We conclude that the District Court erred when it held that Hawkins had abandoned his personal property and had no right to request the return of his personal property. We further conclude that the District Court erred when it held that Hawkins’ Complaint failed to state a claim upon which relief could be granted pursuant to Rule 12(b)(6), M.R.Civ.P.
*105 ¶22 The judgment of the District Court is reversed and this case is remanded to the District Court for further proceedings consistent with this opinion.
JUSTICES REGNIER, NELSON, LEAPHART and HUNT concur.