CHIEF JUSTICE TURNAGE
dissenting.
¶23 Black’s Law Dictionary defines “abandonment” as “[t]he giving up of a thing absolutely, without reference to any particular person or purpose, as vacating property with the intention of not returning, so that it may be appropriated by the next comer or finder.” Black’s Law Dictionary 2 (6th ed. 1990). I have no doubt that when Sherman Hawkins escaped from Montana State Prison, he had no intention of returning. Hawkins would still be heading for points south if he had not been captured in Idaho.
¶24 As the Missouri Court of Appeals aptly stated in the case upon which the District Court relied, “The act of escape is unequivocally inconsistent with any intention to retain ownership of property left at the penitentiary.” Herron v. Whiteside (Mo. 1989), 782 S.W.2d 414, 416. I conclude that in escaping from prison, Hawkins abandoned the property he left behind.
¶25 By abandoning his property at the prison, Hawkins relinquished all right, title, claim, and interest in that property. Upon Hawkins’ escape, the Montana State Prison properly became the owner of the property he left behind, to do with it as it pleased.
¶26 Hawkins returned to prison only as a result of his involuntary capture in Idaho. For the majority to infer that Hawkins, a convict who intentionally escaped from the Montana State Prison, intended to return to the prison voluntarily, and not as an escaped convict, to reclaim some items of personal property he apparently decided to leave behind so as not to impede his escape, is giving inference a bad name. It is no more logical to infer that Hawkins did not intend to abandon the items of personal property when he escaped than to infer that a burglar who lost his hat in the process of burglarizing a retail store would intend to return two days later and ask the store manager if he found his hat and if so to return it to him.
¶27 It is a shame to put the State to the expense of defending this case and to further burden overcrowded district court and Supreme Court dockets. I dissent and would affirm the District Court’s dismissal of Hawkins’s complaint for failure to state a claim.