*467 JUSTICE NELSON,
specially concurring.
¶30 I concur in the result of the Court’s Opinion, but not in all that is said. In particular, I do not agree with the Court’s “abandonment” analysis at ¶ 19. First, there is no evidence in the record that Branam “disclaimed any right or interest” in the Escalade automobile. He did flee from the police at the time they pulled his vehicle over; however, he returned once, then ran again. The next day he showed up at Pro Towing to reclaim his vehicle. It is simply an after-the-fact justification for the search to reason from this chain of events that Branam disclaimed any right or interest in his car. Obviously, he did not.
¶31 Moreover, the cases cited in ¶ 19 are factually and legally distinguishable and do not support the Court’s decision. First, Hawkins v. Mahoney, 1999 MT 296, 297 Mont. 98, 990 P.2d 776, involved the question of whether an inmate who escaped the Montana State Prison had abandoned his personal property which he left at the prison when he absconded. Our opinion defined “abandonment” in the following terms:
Personal property, upon being abandoned, ceases to be the property of any person, unless and until it is reduced to possession with the intent to acquire title to, or ownership of, it. Such property may, accordingly, be appropriated by anyone, if it has not been reclaimed by the former owner ....
Hawkins, ¶ 13 (first emphasis added, second emphasis in original) (quoting 1C. J.S. Abandonment § 12 (1985)). We also observed that the intent of the person who “abandons” property is a “requisite element” of abandonment. Hawkins, ¶ 16. We determined that even though there may have been a “rebuttable presumption” that Hawkins intended to abandon his property when he escaped prison, there was no evidence that the prison authorities intended to acquire title to his property, as they instead had labeled the box containing the property with Hawkins’ name and put it in a storage room. Hawkins, ¶¶ 3, 19.
¶32 The same is true here. Even if there arose a rebuttable presumption that Branam intended to abandon a vehicle worth many thousands of dollars-a stretch of common sense under any test-that presumption was rebutted when he sought to reclaim the vehicle at Pro Towing the next day. See Hawkins, ¶ 19. Moreover, there is no evidence in the record that the police sought to acquire title to or ownership of the Escalade. Indeed, as in Hawkins, the authorities simply impounded the vehicle and waited until Branam showed up to reclaim it.
¶33 Likewise, in State v. Hamilton, 2003 MT 71, 314 Mont. 507, 67 *468 P.3d 871, the object of the police search involved a wallet that Hamilton had lost and that was subsequently turned over to the authorities. The police opened the wallet to determine the identity of the owner; however, they also conducted an inventory search. In so doing, they opened the coin purse in the wallet and discovered a controlled substance there. Hamilton, ¶¶ 6-10. We concluded that Hamilton had not “abandoned” her property but, rather, had “lost” it and, therefore, had retained a reasonable expectation of privacy in the contents of her wallet. Hamilton, ¶¶ 25-26. Again, we focused on the intent of the property owner: Did she intentionally and voluntarily surrender her expectation of privacy in her property? Hamilton, ¶ 29.
¶34 In the instant case, Branam did not lose his vehicle, so Hamilton is factually distinguishable from that standpoint. Furthermore, there is no evidence at all that Branam intentionally surrendered his expectation of privacy in his car. In fact the opposite is true-he sought to reclaim his property the following day.
¶35 Finally, State v. 1993 Chevrolet Pickup, 2005 MT 180, 328 Mont. 10, 116 P.3d 800, also is not on point. 1993 Chevrolet Pickup did not involve the abandonment of a vehicle. Rather, this case had to do with a person’s placing evidence of criminal conduct with his garbage and depositing the same in a trash can in a public alley with the intent that it be picked up and disposed of by third parties. 1993 Chevrolet Pickup, ¶¶ 3-4, 15. In our determination that he had abandoned his garbage we again focused on intent as the “paramount inquiry.” 1993 Chevrolet Pickup, ¶ 15.
¶36 The case at bar does not involve garbage placed by its owner in a trash can but, rather, an expensive and valuable vehicle. No evidence was presented that Branam knowingly determined to abandon his vehicle-in other words, to relinquish title and ownership to someone else. Furthermore, there is no evidence in the record that the police seized the vehicle with the intent to acquire title and ownership. Indeed, the police were working on precisely the contrary premise-that Branam would come to Pro Towing to reclaim his car. And, that is precisely what he did.
¶37 In short, I cannot conclude that Branam “abandoned” his vehicle. Not only is the evidence to the contrary, but the Court has not conducted the sort of “intent-focused” analysis that our case law requires and that is necessary to reach such a conclusion. There may have been other legal theories that would have supported the police’s securing Branam’s vehicle and its contents-see, e.g., State v. Sawyer, 174 Mont. 512, 571 P.2d 1131 (1977), overruled in part on other *469 grounds, State v. Long, 216 Mont. 65, 67, 71, 700 P.2d 153, 155, 157 (1985)-but the theory of “abandonment” does not support the Court’s decision here.
¶38 That said, and while I have other reservations with the Court’s Opinion, I agree with the result.
CHIEF JUSTICE GRAY and JUSTICE COTTER join in the Special Concurrence of JUSTICE NELSON.