An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

UBALDO URBINA MALDONADO,
Appellant,
vs.
DELIA ESTRADA ROBLES,
Respondent.

No. 63732

FILED

NOV 17 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK



*ORDER OF AFFIRMANCE*

This is an appeal from a district court divorce decree, alleging error in the division of property. Second Judicial District Court, Reno; Chuck Weller, Judge. Specifically, appellant Maldonado contends that the district court erred by concluding (1) that he abandoned the property he now seeks to have divided, and (2) that circumstances warranted an unequal distribution of property under NRS 125.150(1)(b).

NRS 125.070 charges the district court with determining "all questions of law and fact" in divorce cases. We review the decisions of the district court for an abuse of discretion. *DeVries v. Gallio*, 128 Nev., Adv. Op. 63, 290 P.3d 260, 263 (2012). The district court's findings of fact will be affirmed where supported by substantial evidence, *Williams v. Waldman*, 108 Nev. 466, 471, 836 P.2d 614, 617 (1992), and its conclusions of law will be upheld where not clearly erroneous, *see McNabney v. McNabney*, 105 Nev. 652, 655, 782 P.2d 1291, 1293 (1989); *see also Waldman*, 108 Nev. at 471, 836 P.2d at 617-18 (stating that "the district court must apply the correct legal standard").

Supreme Court
of
Nevada

(O) 1947A

15-35054

Maldonado first alleges that the district court improperly concluded that he abandoned any claim to four vehicles—an Oldsmobile Bravada, a Chevrolet Astrovan, a Ford Ranger, and a Chevrolet S-10—clothing and jewelry he valued at $3,000 to $4,000, a paycheck on his person at the time of his arrest, and $10,000 in cash. To support its conclusion of abandonment, the district court found the following: the parties were married in 2002; and in 2006, Maldonado was convicted of sexual assault of a child and lewdness with a child under age of fourteen years. When the molestation was revealed, the parties ceased all communication. In particular, Maldonado did not attempt to contact Robles about his possessions at any time, did not ask her or anyone else to preserve his belongings, and made no other provision for them. He first attempted to claim the property six years later, in his answer to the complaint for divorce. The record reflects that the foregoing facts are undisputed. Substantial evidence thus supports the district court's findings.

The Uniform Unclaimed Property Act does not apply to personal property such as vehicles, clothing, and jewelry. NRS 120A.113; NRS 120A.510. Therefore, common law governs the question of whether he abandoned those possessions. "Whether a person has abandoned his property is a question of intent, which we infer from words, acts, and other objective facts." *State v. Taylor*, 114 Nev. 1071, 1078, 968 P.2d 315, 320 (1998). A court may infer intent to abandon "by conduct clearly inconsistent with any intention to retain and continue the use or ownership of the property." 1 Am. Jur. 2d *Abandoned, Lost and Unclaimed Property* § 58 (2005).

Lapse of time, together "with the failure to conduct sufficient efforts to recover the property," may imply an intent to abandon. *Id.* § 59. Whether an owner has failed to claim his property within a reasonable time is ordinarily a question for the trier of fact. *Id.* § 55. Because the record reflects that Maldonado never attempted to recover and in fact never inquired about his vehicles, clothing, and jewelry for over six years, until the divorce complaint was filed, we conclude that the district court did not abuse its discretion by finding them abandoned.

The authority cited by Maldonado, *Hawkins v. Mahoney*, 990 P.2d 776 (Mont. 1999), is factually and legally inapposite. In that case, Hawkins escaped prison and his personal property was packed in boxes, labeled with his name, and placed in the prison storage room. *Id.* at 777-78. He was apprehended two days later, and within the next month he requested several times that his property be returned. *Id.* Subsequent to his requests, prison officials allowed Hawkins to retrieve legal papers from the boxes but refused him the rest of his personal property, which was then destroyed or sold. *Id.* at 778. The court held that under those facts, Hawkins had rebutted a presumption that he intended to abandon his property. *Id.* at 780. The dissent noted that "the notion of a 'rebuttable presumption'" was a significant change to Montana law on abandonment. *Id.* at 781. Nevada has not recognized such a rebuttable presumption, nor do *Hawkins*'s vastly distinct facts suggest a similar result in this case.

The Uniform Unclaimed Property Act would apply to the payroll check Maldonado claims was given to Robles by the jail, as well as the $10,000 in cash he alleges he left behind when arrested. NRS 120A.113(1). However, the district court found that Robles discarded the

Supreme Court
of
Nevada

(O) 1947A

check as trash with Maldonado's other belongings, and that the cash did not exist. In particular, the court found:

After Maldonado's arrest, Robles and her children vacated the apartment the parties had shared. When she moved, Robles placed all of Maldonado's possessions in a storage unit. The items she stored included a plastic bag containing his clothing and items on his person at the time of his arrest, which were given to her by the jail. According to Maldonado, the bag also contained his final payroll check.

Robles paid to store Maldonado's possessions for five to six months, then offered them to his family members, who declined and told her to burn the property. Because she no longer wanted to pay storage fees, she threw Maldonado's items away, receiving no compensation for them. At this time, she disposed of the plastic bag she received from the jail without opening it or handling or cashing a check. Maldonado presented conflicting testimony about the source of the cash, alleging both that he had saved it from earnings and that it was given to him by a friend. Robles denied that the cash existed.

The district court found Robles's testimony credible regarding these facts. "[J]udging the credibility of the witnesses and the weight to be given to their testimony are matters within the discretion of the district court." *Williams v. Williams*, 120 Nev. 559, 566, 97 P.3d 1124, 1129 (2004) (stating that where testimony was conflicting, district court was free to reject testimony of one party). The record supports the district court's findings and does not reflect an abuse of the court's discretion.[1]

---

[1]Maldonado attached to his appeal statement a copy of a canceled check he claims is the payroll check at issue. However, he did not present the check or any evidence relating to its endorsement in the district court.

*continued on next page...*

Maldonado next argues that the district court erred by failing to award him an equal distribution of the parties' community property to the extent his share exceeds $2,000, the amount of restitution ordered by the criminal court, which he admits has not been paid.

In Nevada, a court adjudicating a divorce shall make an equal distribution of community property, "except that the court may make an unequal disposition of the community property in such proportions as it deems just if the court finds a compelling reason to do so and sets forth in writing" its reasons. NRS 125.150(1)(b). We have held that marital misconduct having an adverse economic impact on the other party is one such "compelling reason" to deviate from the equal distribution standard. *Wheeler v. Upton-Wheeler*, 113 Nev. 1185, 1189-90, 946 P.2d 200, 203 (1997).

In this case, the district court concluded that Maldonado's misconduct had a continuing economic impact on Robles due to the need for past and future counseling to address trauma resulting from his sexual crimes against her daughters. The record further reflects that she incurred lost wages and expense when she was requested to appear at Maldonado's numerous criminal proceedings, that the trauma resulted in medical bills for a hospitalization and medications, and that she was required to move because the molestation had occurred in their residence.

---

*...continued*
Therefore, it may not be considered on appeal. *Hooper v. State*, 95 Nev. 924, 926, 604 P.2d 115, 116 (1979) ("Matters outside the record on appeal may not be considered by an appellate court."); *see* NRAP 10(a) ("The trial court record consists of the papers and exhibits filed in the district court.").

 

Based on the record evidence and *Wheeler*, we conclude that the district court did not abuse its discretion by finding a compelling reason to make an unequal distribution of property.

The district court's decision is not invalidated by the criminal court's prior order of restitution to the victims. In *Major v. State*, 130 Nev., Adv. Op. 70, 333 P.3d 235, 238 (2014), we held that an overlap may exist between a family court's authority to impose an obligation and a criminal court's authority to order restitution, even where arising from the same occurrence, where one award is offset by the amount of the other. The district court's order in this case does not run counter to *Major* because there were no community assets to be distributed, thus the court's "unequal" distribution of nothing was nothing. The court's findings of fact regarding assets are as follows:

The Oldsmobile Bravada was purchased prior to the marriage and titled to Robles alone, thus it was separate property. Robles did not possess the Chevrolet Astrovan or Ford Ranger, which were titled in Maldonado's name. When she moved from the apartment they shared, following his arrest, the vehicles were in the apartment's parking lot, and she does not know what happened to them thereafter. She received no compensation for Maldonado's clothing and other personal property items, which were rejected by his family and then discarded.

The district court further found that Robles had no housecleaning business or any savings from housecleaning, thus there was no business or income to be divided. Robles testified that she bought and paid for the Chevrolet S-10 truck after Maldonado's arrest, and it was titled in her name alone, thus he was not entitled to any of its value.

Our review of the record reflects that substantial evidence supports the district court's finding that there were no community assets to be distributed and that, even if there were, an unequal distribution was warranted. We cannot conclude that the district court abused its discretion, and the record does not reveal that its findings are unsupported by substantial evidence. Nor has Maldonado shown that the district court's application of Nevada law was clearly erroneous. Accordingly, for the reasons set forth above, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Chuck Weller, District Judge, Family Court Division
Greenberg Traurig, LLP/Las Vegas
Law Office of Thomas L. Qualls, Ltd.
Washoe District Court Clerk